A89A0647. DAN RIVER, INC. v. CARROLL.
(385 SE2d 686)

BENHAM, Judge.

This is a workers' compensation appeal. On March 12, 1981, appellee/employee was injured in the course of his employment with appellant/employer Dan River, Inc. Shortly thereafter, appellant, a self-insurer, began paying workers' compensation benefits to appellee. At the time of the injury and initiation of payments, the Workers' Compensation Act provided that "[i]f any income benefits payable without an award are not paid within 14 days after becoming due, there shall be added to the accrued income benefits an amount equal to 15 percent thereof. . . ." OCGA § 34-9-221 (e) (1982 ed.). On July 1, 1985, the Code section was changed to provide that "[i]f any income benefits payable without an award are not paid when due, there shall be added to the accrued income benefits an amount equal to 15 percent thereof . . .," thereby eliminating the 14-day grace period the employer had under the previous provision. Appellee sought to have the 15 percent penalty imposed against appellant for its failure to pay benefits in accordance with the 1985 amendment for the payments due appellee after the effective date of the amendment. The ALJ ruled in appellee's favor, but the board reversed the decision, finding that only one payment was untimely made and that the allegedly untimely payments were excused as being due to circumstances beyond the employer's control. The superior court reversed the decision of the board, and appellant sought discretionary review by this court. We granted its petition and affirm the decision of the superior court.

1. Appellant contends that the board's findings regarding the late payments were findings of fact and so were binding on the superior court under the "any evidence" rule. *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408 (1), (7) (224 SE2d 65) (1976). However, appellant does not cite us to nor do we find any evidence in the record that supports the findings in question. In the absence of supporting

evidence, the appellate courts are not bound by the board's findings, and so the superior court did not exceed its authority by reversing the board.

2. Appellant's other argument is that the change in the law regarding the timing of payment is a substantive change and not a procedural one. If it is a substantive change, it should not have an application retroactive to the initiation of compensation payments. See *Hart v. Owens-Illinois*, 250 Ga. 397 (297 SE2d 462) (1982). While we agree that statutes of limitation are not applied retroactively (id.), OCGA § 34-9-221 (e), like subsection (d), " 'is not a statute of limitation, a statutory estoppel or bar to contest issues but one of sanctions.' [Cit.]" *Carpet Transport v. Pittman*, 187 Ga. App. 463, 466 (370 SE2d 651) (1988). Appellee's "substantive right" to receive benefits payments existed before the amendment in question. The statutory change did not create a new substantive right to have the benefits paid when due, but merely shortened the time period within which the employer can make the payments without a penalty, which is a procedural matter. See *Atha v. Jackson Atlanta*, 159 Ga. App. 433, 436 (283 SE2d 654) (1981). The granting of a grace period for payment of benefits is a statutory privilege and, as such, neither the claimant nor the employer has a vested right in it. Id. Appellant's argument has no merit.

*Judgment affirmed. Carley, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Pope and Beasley, JJ., concur. Birdsong and Sognier, JJ., dissent.*

BIRDSONG, Judge, dissenting.

I must dissent. There was evidence in the record that supports the findings of the full board and, under the any evidence rule, the case should be reversed and the findings of the full board affirmed. See *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408 (224 SE2d 65).

I respectfully dissent. I am authorized to state that Judge Sognier joins in this dissent.

DECIDED JULY 11, 1989 —
REHEARING DENIED JULY 28, 1989 —

*Woodson & Hanofee, H. Clifton Woodson*, for appellant.
*Don L. Hartman, William G. Boyd*, for appellee.