## A92A0136. DEMPSEY v. ETOWAH BANK.
(418 SE2d 418)

CARLEY, Presiding Judge.

The relevant facts in the instant appeal are as follows: Appellant-defendant purchased three motor vehicles and a boat from one Jerry McBride d/b/a Fleet Recovery. In payment, appellant gave McBride a check in the amount of $5,600. McBride endorsed the check and deposited it into the checking account that Fleet Recovery maintained with appellee-plaintiff. Appellee immediately credited Fleet Recovery's account with the amount of appellant's check. Subsequently, appellant issued a stop-payment order on the check but, by the time that appellee received notification, there was only $401.15 remaining in Fleet Recovery's account. Appellee then brought the instant suit against appellant, seeking to recover the $5,198.85 balance. Appellant answered and, after discovery, appellee moved for summary judgment. The trial court granted appellee's motion and appellant appeals.

If appellee were merely a holder of appellant's check to Fleet Recovery, then appellee would hold that check subject to the defenses enumerated in OCGA § 11-3-306. *Tidwell v. Bank of Tifton,* 115 Ga. App. 555, 556 (1) (155 SE2d 451) (1967). Under the undisputed evidence of record, however, appellee is a holder in due course as defined in OCGA § 11-3-302 (1). In good faith, appellee gave value for the check and, at the time it did so, it had no notice of appellant's stop-payment order or of appellant's defense against payment to Fleet Recovery for the three motor vehicles and the boat. *Pazol v. Citizens Nat. Bank of Sandy Springs,* 110 Ga. App. 319, 320 (1) (138 SE2d 442) (1964). Accordingly, appellee took the check free from the defenses enumerated in OCGA § 11-3-306 and subject only to the defenses enumerated in OCGA § 11-3-305 (2). Under the evidence of record, no genuine issue of material fact remains as to the viability of any of the defenses enumerated in OCGA § 11-3-305 (2). It follows, therefore, that the trial court correctly granted summary judgment in favor of appellee.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED APRIL 22, 1992.

*Davis & White, Jefferson L. Davis, Jr.,* for appellant.

*Bishop & McElyea, M. Ellen McElyea,* for appellee.