A93A0611. MURPHY v. SEARS ROEBUCK & COMPANY et al.
(433 SE2d 325)

McMurry, Presiding Judge.

Danny Murphy (plaintiff) was injured on January 6, 1990, while working in Phoenix, Arizona, and recovered workers' compensation pursuant to Arizona law. On June 24, 1991, plaintiff filed a products liability action in Georgia against Sears Roebuck & Company, Emerson Electric Company, and Western Forge Corporation (defendants), alleging his injuries were caused by a defective tool placed in the market by defendants. Defendants denied the material allegations of the complaint and moved for summary judgment, asserting the one-year limitation period prescribed in Arizona Revised Statute § 23-1023. This Code section permits an injured worker to sue a third-party tortfeasor, but limits the right by providing assignment of the claim to the compensation carrier if the worker does not pursue his "remedy against such other third person by instituting an action within one year after the cause of action accrues. . . ." The Arizona statute also provides that a third-party claim "may be reassigned [by the compensation carrier] in its entirety to the employee or his dependents." Plaintiff responded by filing a document evidencing the compensation carrier's reassignment of third-party claims to plaintiff. The reassignment is dated August 19, 1992, over two years after plaintiff's claims against defendants accrued.

The trial court dismissed the complaint, reasoning that plaintiff "did not have the right to bring this action [under Arizona law] at the time he brought it, and that the proper party did not bring this action within the statute of limitations period." This appeal followed. *Held*:

1. Plaintiff contends the trial court erred in applying Arizona law and dismissing his complaint.

In *Howard v. Alfrey*, 697 F2d 1006 (11th Cir. 1983), two Tennessee employees were killed in an on-the-job automobile accident in Georgia. The employer voluntarily paid death benefits pursuant to Tennessee law, but the survivors later obtained slightly higher benefits via an award under Georgia's Workers' Compensation Act. (The Georgia award credited the employer for all voluntary payments made under Tennessee law.) The survivors then filed a wrongful death action against the third parties allegedly responsible for the fatal collision and the compensation carrier intervened seeking subrogation pursuant to Tennessee law. (No such right of subrogation then existed in Georgia.) Upon opposing motions for summary judgment, the United States District Court ruled that Georgia courts would recognize subrogation rights vested pursuant to Tennessee law and allowed the compensation carrier's intervention. However, the United States Court of Appeals reversed, holding that Georgia law controls since all compensation benefits were paid under the Georgia Workers' Compensation Act. Id. at 1009-1011.

The result reached by the United States Court of Appeals in *Howard v. Alfrey*, supra, is the majority rule, i.e., the compensation laws of the state where a worker elects recovery control the worker's rights against third parties. 4 Larson, The Law of Workmen's Compensation, § 88.23. We adopt this rule and hold that Arizona law controls plaintiff's third-party claims against defendants. To hold otherwise ignores the adjustment of rights plaintiff brought on himself by accepting compensation benefits in another state. Thus, it follows that the trial court did not err in relying on Arizona law to assess plaintiff's third-party claims against defendants.

2. In *Moore v. Toshiba Intl. Corp.*, 772 P2d 28 (1989), the Arizona Court of Appeals applied Arizona Revised Statute § 23-1023 and held that a worker who filed a products liability action more than one year after injury without taking reassignment from the carrier lacked standing to assert the third-party action because the claim was automatically assigned to the compensation carrier one year after the claim arose. The Arizona court further held that the carrier's reassignment of the products liability claim did not relate back to the complaint (filed less than two years after the injury) since the reassignment was executed after expiration of the two-year statute of limitation. The Arizona court reasoned that the reassignment amounted to no more than an assignment of an expired claim. Id. at 30-32. The case sub judice is indistinguishable.

Plaintiff filed this products liability action more that one year after his work-related injury, but within the two-year statute of limitation. OCGA § 9-3-33; *Smith, Miller & Patch v. Lorentzson*, 254 Ga.

111 (1) (327 SE2d 221). However, plaintiff did not acquire reassignment of the third-party claims until after expiration of the statute of limitation. Under these circumstances, Arizona law precludes plaintiff's third-party claims against defendants. Consequently, the trial court did not err in dismissing plaintiff's complaint with prejudice. *Moore v. Toshiba Intl. Corp.*, supra; *Stephens v. Textron, Inc.*, 619 P2d 736 (1980).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED JUNE 10, 1993 —
RECONSIDERATION DENIED JUNE 24, 1993 — ▮▮▮▮▮▮▮

*Friedman, Donaldson & Phillips, Robert P. Phillips III*, for appellant.
*Brennan & Wasden, Joseph P. Brennan, Mary R. Piette*, for appellees.