A93A1466. MARYLAND CASUALTY INSURANCE COMPANY
v. GLOMSKI.
(437 SE2d 616)

JOHNSON, Judge.

Raymond Glomski was injured in a car accident while on business in Georgia. Glomski, whose employer was located in Illinois, was eligible for workers' compensation in either Illinois or Georgia. Glomski filed his workers' compensation claim in Illinois and received payments under Illinois law from Maryland Casualty Insurance Company, his employer's workers' compensation carrier. Glomski then filed a tort action in Georgia against various third parties seeking to recover damages for the injuries he sustained in the accident. Maryland Casualty filed a motion to intervene in the action. The trial court denied the motion. Maryland Casualty appeals, claiming that the trial court erred in denying its motion because it should be allowed to intervene as a matter of right in order to protect its right to be subrogated, as provided by the Illinois Workers' Compensation Act, to any judgment Glomski recovers.

The issue before us is whether Illinois or Georgia law governs Maryland Casualty's subrogation rights. In *Murphy v. Sears Roebuck & Co.*, 209 Ga. App. 171 (1) (433 SE2d 325) (1993), this court addressed a conflict of laws question in a workers' compensation case by relying on *Howard v. Alfrey*, 697 F2d 1006 (11th Cir. 1983). In *Howard*, the United States Court of Appeals for the Eleventh Circuit stated the general rule that "[a]s to third-party actions, if compensation has been paid in a foreign state and suit is brought against a third-party in the state of injury, the substantive rights of the employee, subrogated insurance carrier and the employer are ordinarily

held governed by the laws of the foreign state." (Citation and punctuation omitted.) Id. at 1009 (III). This majority rule, however, is not the rule in Georgia. After the decision in *Howard*, the Georgia Supreme Court answered the following certified question from the Eleventh Circuit Court of Appeals: " 'Under Georgia law, does the Illinois or Georgia workers' compensation rule of law apply in fixing a defendant-product manufacturer's right to seek contribution and indemnity by impleading the plaintiff's employer when the injury occurred in Georgia, the employment relationship was localized in Illinois, and the plaintiff sought and received workers' compensation benefits in Illinois even though she was available for such benefits in either state?' " *Sargent Indus. v. Delta Air Lines*, 251 Ga. 91, 93 (303 SE2d 108) (1983).

The Supreme Court answered that Georgia law applies and cited with approval the ruling in *Wardell v. Richmond Screw Anchor Co.*, 133 Ga. App. 378 (210 SE2d 854) (1974), stating "that under the Georgia conflicts-of-laws rule in tort cases, the law of the place where the tort was committed is the law by which liability is to be determined, i.e., the *lex loci delictis* determines the substantive rights of the parties." *Sargent,* supra at 94. "In language applicable to the instant case, the *Sargent* court acknowledged that the *Wardell* and *Sargent* cases dealt with different questions concerning workers' compensation, but went on to find that when the underlying situation involves an employee who was injured in one state and qualifies for workers' compensation benefits in that state but claimed and received benefits in another state, *the law of the place of the tort applies.* [Cit.]" (Emphasis supplied.) *Swain v. D & R Transport Co.*, 735 FSupp. 425, 427 (2) (M.D. Ga. 1990). To the extent our holding in *Murphy*, that the compensation laws of the state where a worker elects recovery control the worker's rights against third parties, conflicts with the decision of the Supreme Court in *Sargent*, it is overruled.[1] Applying the conflict of laws rule set forth in *Sargent* to the instant case, we are compelled to find that the law of Georgia, the place of the alleged tort, governs Maryland Casualty's subrogation rights even though Glomski has received workers' compensation in Illinois.[2] The Illinois Workers' Compensation Act, upon which Maryland Casualty bases its claim to a right of subrogation, is inapplicable to the instant case.

---

[1] In *Murphy* we concluded that an Arizona statute of limitation applied rather than Georgia law. That same conclusion would be reached under the conflict of laws rule set forth in *Sargent* because the place of the tort in *Murphy* was Arizona.

[2] We note that a dispute over whether a workers' compensation insurer has the right to be subrogated to an employee's tort action against third-parties sounds in tort rather than in contract. *Swain,* supra at 427-428 (2).

"As originally enacted in 1920, the [Georgia] Workers' Compensation Act did not subrogate the employer to any part of the employee's claim against a third party. [Cit.] In 1922, the Act was amended to extend subrogation rights to the employer under certain circumstances. See former Code Ann. § 114-403; [cit.] However, in 1972, the employer's subrogation rights were abolished by the repeal of former Code Ann. § 114-403. [Cit.] Further, it has been held that any subrogation claim which an insurer under the Georgia Workers' Compensation Act may have against a third-party tortfeasor who has caused the death or disability of an employee arises solely by operation of statute. [Cit.]" *K-Mart Apparel Corp. v. Temples*, 260 Ga. 871, 873 (1) (401 SE2d 5) (1991); see also *Sargent*, supra at 93. The Georgia legislature has now enacted OCGA § 34-9-11.1, which again extends to the employer or its insurer the right to be subrogated to an employee's claim against a third party to the extent it has paid workers' compensation. OCGA § 34-9-11.1, however, did not become effective until after Glomski filed his tort action.[3]

"Laws prescribe only for the future; they can not . . . , usually, have a retrospective operation, [cit.]; and the settled rule for the construction of statutes is not to give them a retrospective operation, unless their language imperatively requires it. [Cit.]" (Punctuation omitted.) *Hart v. Owens-Illinois*, 250 Ga. 397, 398 (297 SE2d 462) (1982). The language of OCGA § 34-9-11.1 does not imperatively require retrospective application of it. Because the statute provides a substantive, rather than procedural, change in the law, it should not be applied retroactively. *Dan River, Inc. v. Carroll*, 192 Ga. App. 537, 538 (2) (385 SE2d 686) (1989). Thus, at the time Glomski was injured, received workers' compensation and filed his tort action, Maryland Casualty did not have a right of subrogation under Georgia law. The trial court therefore correctly denied Maryland Casualty's motion to intervene as a matter of right under OCGA § 9-11-24 (a).

*Judgment affirmed. Pope, C. J., Birdsong, P. J., Beasley, P. J., Cooper, Andrews, Blackburn and Smith, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent with regard to overruling *Murphy v. Sears Roebuck & Co.*, 209 Ga. App. 171 (433 SE2d 325) as it is my view that *Murphy* is inapposite in the case sub judice.

In *Murphy*, the plaintiff was injured while working in Arizona and elected workers' compensation benefits pursuant to Arizona law. The plaintiff in *Murphy* then filed a products liability action in Geor-

---

[3] Glomski filed his lawsuit on June 30, 1992; OCGA § 34-9-11.1 did not become effective until July 1, 1992.

gia more than a year after his injury and this Court affirmed the dismissal of the complaint based on an Arizona law divesting a worker of the right to sue a third-party tortfeasor more than a year after any such claims accrue. Specifically, Arizona law provides for automatic assignment of third-party claims to the compensation carrier in the event the worker does not pursue his remedy against the third-party tortfeasor within one year after the claim accrues. Id. at 172 (1), supra.

The obvious factual distinction between *Murphy* and the case sub judice is that Glomski was injured in Georgia and the plaintiff in *Murphy* was injured in Arizona. Under these circumstances and according to Georgia's conflict of laws rule as enunciated in the majority opinion (i.e., " 'the *lex loci delictis* determines the substantive rights of the parties' "), this Court was correct in applying Arizona law in *Murphy* since the plaintiff's claim in *Murphy* accrued in Arizona. More importantly, however, is the judicial distinction that the case sub judice involves a conflict of laws question between opposing Workers' Compensation Acts and *Murphy* does not.

The case sub judice involves an employee eligible for workers' compensation benefits in either Georgia or Illinois because the employee was injured in Georgia and the employer was based in Illinois. Glomski, the injured employee, elected compensation benefits pursuant to Illinois law, presenting the choice of law question of whether Maryland Casualty is subrogated to Glomski's third-party claims as afforded under Illinois law or is excluded from subrogation as required by Georgia's former Workers' Compensation Act. Conversely, the plaintiff in *Murphy* did not have an election between opposing Workers' Compensation Acts. He was injured while employed in Arizona and covered pursuant to the Arizona Workers' Compensation Act. The only choice afforded the plaintiff in *Murphy* was to recover workers' compensation and abide by the substantive restraints imposed by Arizona law or not. By electing to recover compensation benefits in Arizona and then filing a products liability suit in Georgia after automatic assignment (pursuant to Arizona law) of any such third party claim, the plaintiff in *Murphy* was simply attempting to avoid the substantive law he chose in Arizona. It was under these circumstances that this Court in *Murphy* cited the rule enunciated in *Howard v. Alfrey*, 697 F2d 1006 (11th Cir. 1983), i.e., "the compensation laws of the state where a worker elects recovery control the worker's rights against third parties. 4 Larson, The Law of Workmen's Compensation § 88.23." *Murphy v. Sears Roebuck & Co.*, 209 Ga. App. 171, 172 (1), supra.

Should this Court overrule *Murphy*, there would be a failure to recognize the "adjustment of rights [the] plaintiff [in *Murphy*] brought on himself by accepting compensation benefits in another

state." Id. at 172 (1), supra. It is my view that *Murphy* is not controlling in the case sub judice and should therefore be distinguished.

DECIDED OCTOBER 14, 1993 —
RECONSIDERATION DENIED NOVEMBER 3, 1993

*Swift, Currie, McGhee & Hiers, Robert R. Potter, Jodi B. Ginsberg*, for appellant.
*James C. Carr, Jr.*, for appellee.