## A97A0022. COASTAL PLAINS TRUCKING COMPANY v. THOMAS COUNTY FEDERAL SAVINGS & LOAN ASSOCIATION.
### (482 SE2d 493)

ELDRIDGE, Judge.

Appellee, Thomas County Federal Savings & Loan Association, brought suit against appellant and Buck Durrance ("Durrance") to collect payment for a check it cashed on which appellant was the maker, and Durrance was the payee and the endorser. Appellant appeals from the trial court's grant of summary judgment in favor of appellee on both appellee's claim against appellant and on appellant's counterclaim.

On May 22, 1995, appellant made and issued a check drawn on its account at Southwest Georgia Bank that was made payable to Durrance in the amount of $3,000. The check was given to Durrance in payment for a trailer. Durrance properly endorsed the check and presented the same for payment to appellee on May 24, 1995.[1] Appellee cashed the check and gave Durrance the sum of $3,000. Of such sum, $2,075 was given to Durrance in cash and $925 was deposited, at his direction, into the checking account of his wife.

After issuing its check to Durrance, appellant found that the individual from whom Durrance had stated appellant could obtain a Bill of Sale or a signed Certificate of Title was a fictitious person, and that the title to the trailer had been transferred to someone in the state of Florida. Max H. Wilson, President of appellant, went to

---

[1] There is conflict in the evidence as to the exact day Durrance presented the check to appellee for payment. Appellee alleges in its complaint that the check was presented for payment on May 24, 1995. However, in the affidavits appellee submitted in support of its motion for summary judgment both Jerry Hancock, Senior Vice President of appellee, and Beverly Carnage, who is a teller with appellee, state that the check was presented on May 22, 1995. Appellant submitted the affidavit of Penny W. Parker, who is a dispatcher for appellant, in opposition to appellee's motion for summary judgment in which she states it was presented to appellee on May 25, 1995; her testimony is not based on her actual knowledge of the events, but on what she believes is evident from the back of the cancelled check. However, the back of the check, which has been submitted as evidence, clearly shows that the date of May 24, 1995, appears within the stamp of Thomas County Federal Savings & Loan.

Southwest Georgia Bank on May 25, 1995, and signed a stop payment order. When the check was sent by appellee through the Federal Reserve Bank System for payment, it was returned to appellee unpaid with the notation on the face of the check that payment was stopped, and the check was accompanied by a "Returned Check Status."

Upon learning that a stop payment order had been placed on the check, Thomas County Federal Savings & Loan placed a hold on the checking account of Durrance's wife and was able to recover $300 from the account. Durrance's wife voluntarily repaid an additional $625 to Thomas County Federal Savings & Loan, leaving the sum of $2,075 owing on the check, which was the amount of cash given to Durrance on presentation of the check.

Appellant's sole enumeration of error is that it was error for the trial court to grant summary judgment to appellee on the ground that no responsive pleadings were filed within 30 days as provided by Uniform Superior Court Rule 6.2, and without considering appellant's brief and affidavits filed in opposition to appellee's summary judgment.

Appellee filed its motion for summary judgment on February 2, 1996. Attached to the front of such motion was a notice of motion addressed to Rodney L. Allen as attorney for appellant stating that the motion for summary judgment would come on for a hearing on March 19, 1996, at 9:30 a.m. or as soon thereafter as counsel could be heard. Appellant filed its responsive brief and affidavits on March 14, 1996, five days prior to the scheduled hearing. On the day the hearing was scheduled, the parties waived any right they had to oral argument and requested the court to decide appellee's motion on the pleadings and briefs of the parties. The trial court entered its order on the motion for summary judgment on April 9, 1996, and within the order stated "it appearing to the [c]ourt that no responsive pleadings were filed within thirty days as provided by Uniform Superior Court Rule 6.2; and it appearing therefore that plaintiff [appellee] is entitled to a judgment against Coastal Plains Trucking Co. [appellant] in its complaint as a matter of law, and further that plaintiff is entitled to a judgment in its favor as a matter of law on the counterclaim of Coastal Plains Trucking Co. against plaintiff. . . ."

USCR 6.2 requires a party opposing a motion to "file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion" unless otherwise ordered by the court. However, to the extent that this rule conflicts with substantive law, it must yield to substantive law. *Russell v. Russell*, 257 Ga. 177 (356 SE2d 884) (1987); *Walton v. Datry*, 185 Ga. App. 88 (363 SE2d 295) (1987). In fact, effective September 19, 1986, the preamble to the Uniform Superior Court Rules was amended to provide as fol-

lows: "[i]t is not the intention, nor shall it be the effect, of these rules to conflict with the Constitution or substantive law, either per se or in individual actions and these rules shall be so construed and in case of conflict shall yield to substantive law." OCGA § 9-11-56 (c) allows the adverse party to a motion for summary judgment to serve opposing affidavits prior to the day of the hearing. Therefore, if a motion for summary judgment is set for oral argument, USCR 6.2 would yield to OCGA § 9-11-56 (c), and the opposing party would have until the day prior to the date that the motion is calendared for a hearing to file opposing affidavits. USCR 6.2 would control only on motions for summary judgment when there has not been a request for oral argument, and such motion was to be considered by briefs from its inception.

However, OCGA § 9-11-56 (c) provides no authority for responsive material other than affidavits to be filed outside the 30-day period prescribed in USCR 6.2, and the trial court would not have to consider appellant's brief. *Winchester v. Sun Valley-Atlanta Assoc.*, 206 Ga. App. 140 (424 SE2d 85) (1992); see *Wyse v. Potamkin Chrysler-Plymouth*, 189 Ga. App. 64 (374 SE2d 785) (1988).

Appellee alleges that even if the trial court failed to consider appellant's affidavits, that such failure was harmless as neither of the affidavits filed by appellants states any facts that would not entitle appellee to the grant of summary judgment. "On appeals from the grant of summary judgment, it is this court's function to examine the record de novo and determine whether the allegations of the pleadings have been pierced so that no genuine issue of material fact remains." *Ga. Farm Bureau &c. Ins. Co. v. Shook*, 215 Ga. App. 66, 68 (449 SE2d 658) (1994); *Dixie Diners Atlanta v. Gwinnett Fed. Bank, FSB*, 211 Ga. App. 364 (439 SE2d 53) (1993); *Lewis v. Rickenbaker*, 174 Ga. App. 371 (330 SE2d 140) (1985).

"To prevail at summary judgment under OCGA § 9-11-56, the moving party [appellee] must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In addition to presenting affirmative evidence to support their claim, appellee, as plaintiff, also has the burden of piercing the appellant's affirmative defenses. *Fletcher v. Ford*, 189 Ga. App. 665 (377 SE2d 206) (1988); *Olympic Dev. Group v. American Druggists' Ins. Co.*, 175 Ga. App. 425 (333 SE2d 622) (1985); *Peppers v. Siefferman*, 153 Ga. App. 206 (265 SE2d 26) (1980). "If the moving party [appellee] discharges this burden, the nonmoving party [appellant] cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp.*, supra at 491.

Appellee claims it is a holder in due course of the check made and issued on May 22, 1995, by appellant and is entitled to recover the amount remaining due on such check of $2,075. As a holder in due course, appellee would not be subject to the defenses that appellant might have against Durrance. Pursuant to OCGA § 11-4-209,[2] a bank which has given value to the extent that it has a security interest in an item becomes a holder in due course, provided that the bank otherwise complies with the requirements of OCGA § 11-3-302 on what constitutes a holder in due course. OCGA § 11-3-302 (1) defines a holder in due course as "a holder who takes the instrument: (a) [f]or value; and (b) [i]n good faith; and (c) [w]ithout notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person." This Court has held, that when a bank meets the foregoing requirements, takes a check which it deposits and credits to a depositor's account, and allows the depositor to draw against the check, the bank becomes a holder in due course for the value of the check up to the amount withdrawn. *Dempsey v. Etowah Bank*, 204 Ga. App. 49 (418 SE2d 418) (1992); *Pike v. First Nat. Bank &c.*, 99 Ga. App. 598 (109 SE2d 620) (1959) (decided under former Code 1933, § 14-502); *Southern Fruit Distrib. v. Citizens Bank &c.*, 44 Ga. App. 832 (163 SE 261) (1932) (decided under former Code 1933, § 14-502).

Appellee has shown by the affidavits of Jerry F. Hancock, President of appellee, and Beverly Carnage, a teller of appellee, that the check made by appellant was complete and regular on its face; that appellee paid the check in good faith; that appellee gave value for the check before it was overdue without notice of any dishonor or any infirmity in the instrument or defect in the title of the person negotiating it; and that the sum of $2,075, which was the sum given to Durrance in cash on presentation of the check for payment, remains owing on the check. Furthermore, appellee's interrogatory asked "[i]f you contend that any agent, employee or officer of plaintiff [appellee] had knowledge of defenses existing against the payment of the check which is subject of this complaint, which knowledge would prevent plaintiff from being a holder in due course of the check, please state the name, address and telephone number of each person having such knowledge, the fact constituting such knowledge, and the date and time the person learned or acquired such knowledge"; appellant responded by stating "unknown to defendant Coastal Plains Trucking Co. at this time." This answer to the interrogatory was never supplemented and is additional evidence that appellant had no defense

---

[2] Since the incident in the case sub judice occurred prior to the enactment of Ga. L. 1996, p. 1306, § 3, this Court has referred in this opinion to the applicable Code sections as they appeared prior to this enactment.

to appellee's status as a holder in due course.

Furthermore, Hancock in his affidavit states that Buck Durrance is one and the same person as Herman T. Durrance and that Herman T. Durrance has an installment loan and a mortgage loan, along with his wife, at Thomas County Federal Savings & Loan Association. Hancock goes on to state that Durrance is well known at such bank. Carnage further states that Durrance presented the check to her, and the transaction occurred solely between her and Durrance; she states that she was not given any direction by any officer or employee of the bank regarding the payment of the check.

Viewing this evidence in the light most favorable to the appellant, appellee has discharged its burden of proving that appellee is a holder in due course of the check and has pierced the appellant's affirmative defense of fraud. The burden now shifts to appellant to point to specific evidence giving rise to a triable issue.

In opposition to appellee's motion for summary judgment appellant submitted the affidavit of Penny W. Parker, a dispatcher employed by appellant, and the affidavit of Max H. Wilson, the President of appellant. Parker stated in her affidavit that she prepared and delivered the check to Durrance; that when she attempted to contact Nancy Smith, who Durrance had told her could provide the Bill of Sale or a signed Certificate of Title, she found out that Nancy Smith was a fictitious person, and after calling the Georgia Department of Motor Vehicles in Atlanta, Georgia, Parker found that the title had been transferred to someone in the state of Florida. Wilson stated in his affidavit that once he was informed by Parker that the company would not be able to obtain a good title to the trailer that it had purchased from Durrance, he went to the local office of Southwest Georgia Bank upon which the check delivered to Durrance had been drawn, and personally signed a stop payment order on Thursday, May 25, 1995. This was the day after the check had been presented to appellee.

Such evidence fails to meet appellant's burden of showing that a triable issue exists. Such affidavits merely show the defenses appellant may have against Durrance or one who is not a holder in due course, and do not show any of the defenses to which a holder in due course would be subject under OCGA § 11-3-305 (2). Appellee is entitled to a grant of summary judgment on its claim. Appellant's counterclaim for attorney fees, expenses of litigation, and lost time in defending the lawsuit cannot survive once it has been determined that appellee is entitled to recover as a matter of law on its claim; therefore, the trial court's grant of summary judgment on the counterclaim was proper. Failure of the trial court in not considering appellant's affidavit in opposition to the motion for summary judgment was harmless error.

*Judgment affirmed. Senior Appellate Judge Harold R. Banke concurs. Ruffin, J., concurs in judgment only.*

DECIDED FEBRUARY 26, 1997.

*Rodney L. Allen*, for appellant.
*Alexander & Vann, John T. Holt*, for appellee.