## A97A1985. CHOO CHOO TIRE SERVICE, INC. v. UNION PLANTERS NATIONAL BANK.
### (498 SE2d 799)

RUFFIN, Judge.

Union Planters National Bank ("Union Planters Bank") sued Choo Choo Tire Service, Inc. ("Choo Choo") to collect payment due on two checks in the aggregate amount of $30,000 and made payable to Southway Equipment Sales ("Southway"). Union Planters Bank was prevented from collecting on these checks due to Choo Choo's stop payment order. The trial court granted summary judgment to Union Planters Bank, and Choo Choo appeals. For the following reasons, we reverse.

"The standard of review of the trial court's [grant] of the bank's motion for summary judgment is a de novo review of the evidence to determine whether there is any genuine issue of material fact as to the elements required to establish the causes of action stated in the complaint. [Cit.] To obtain summary judgment, the bank as the moving party must demonstrate that there is no genuine issue of material fact, and that the material evidence, viewed in the light most favorable to the nonmoving party, warrants judgment as a matter of law. OCGA § 9-11-56. See generally *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991)." *Tucker Fed. Sav. &c. Assn. v. Balogh*, 228 Ga. App. 482 (491 SE2d 915) (1997).

Viewed in the light most favorable to Choo Choo, the nonmovant, the record shows that Southway requested Choo Choo make a short-term loan to Southway in the amount of $30,000. In December 1993, Choo Choo agreed and drew two checks payable to Southway in the aggregate amount of $30,000. In exchange, Southway gave Choo Choo three checks in the aggregate amount of $30,025, with the additional amount of $25 being for preparation of the checks. Choo Choo requested that the checks it gave Southway not be deposited until the next day. However, Southway, a customer of Union Planters Bank, deposited the checks that it received from Choo Choo into its account with Union Planters Bank. Union Planters Bank's daily overdraft reports showed that Southway had been overdrawn for six months prior to this transaction. At the time the checks were deposited, Union Planters Bank's records showed that Southway's account

was overdrawn $29,505.91. Notwithstanding Southway's overdrawn status, the fact that Union Planters Bank had no knowledge of who issued the check, or the fact that Union Planters Bank had the option of placing a hold on the account, Union Planters Bank allowed Southway to immediately draw on the deposited funds.

Choo Choo became aware of Southway's potential to declare bankruptcy prior to Union Planters Bank's demand for payment. Choo Choo executed a stop payment order on the checks. Following Choo Choo's stop payment order, Union Planters Bank sued Choo Choo for breach of contract and breach of warranty and sought monetary damages. Subsequently, Union Planters Bank moved for summary judgment. In this appeal, Choo Choo contends the trial court erroneously granted Union Planters Bank's motion for summary judgment because Union Planters Bank acted in bad faith in this transaction. Choo Choo further contends that because Union Planters Bank acted in bad faith, it is not a "holder in due course," and consequently took the checks subject to the defenses enumerated in OCGA § 11-3-306.[1]

1. The issues in this case are governed by Articles 3 and 4 of the Uniform Commercial Code ("UCC"). Because there have been substantial revisions in the UCC which could affect the disposition of these issues, we must determine first whether the amendments OCGA §§ 11-3-103 and 11-3-302 or the prior Code provisions apply. OCGA §§ 11-1-201 (19) (former version) and 11-3-302 (former version). The revisions became effective July 1, 1996.

"Laws prescribe only for the future; they can not impair the obligation of contracts, nor, usually, have a retrospective operation, and the settled rule for the construction of statutes is not to give them a retrospective operation, unless their language imperatively requires it." (Citations and punctuation omitted.) *Hart v. Owens-Illinois, Inc.*, 250 Ga. 397, 398 (297 SE2d 462) (1982). Furthermore, when a statute is a substantive change, rather than procedural change, it should not be applied retroactively. *Dan River, Inc. v. Carroll*, 192 Ga. App. 537, 538 (2) (385 SE2d 686) (1989). " 'Substantive law is that law which creates rights, duties, and obligations. Procedural law is that law which prescribes the methods of enforcement of rights, duties, and obligations. (Cits.)' " *Weyant v. MacIntyre*, 211 Ga. App. 281, 283 (2) (438 SE2d 640) (1993).

The UCC provisions at issue here concern the definitions of the terms "good faith" and "holder in due course." We conclude the amended statutes do not expressly require retrospective application. Furthermore, these statutes address the substantive rights of the

---

[1] Defenses of OCGA § 11-3-306 are lack of consideration and fraud.

parties, in that they create rights, duties, and obligations, rather than the enforcement thereof. *Weyant*, supra. Accordingly, the UCC provisions in existence at the time the checks were deposited and the stop payment was issued will control. Thus, in the instant case, the applicable definitions are OCGA §§ 11-1-201 (19) and 11-3-302 (former version).

2. We note initially that although Choo Choo contends the applicable definition of "good faith" is derived from OCGA § 11-2-103 (1) (b), this definition is not applicable under UCC Article 3, but applies only to merchants engaged in the sale of goods. *Dal-Tile Corp. v. Cash N' Go*, 226 Ga. App. 808, 810 (487 SE2d 529) (1997) (physical precedent only).

The issue before this Court is whether Union Planters Bank met the statutory requirements of a "holder in due course," and consequently, if Union Planters Bank is a "holder in due course," then it took the checks free from the defenses enumerated in OCGA § 11-3-306, and subject only to the defenses in OCGA § 11-3-305 (2).[2] *Dempsey v. Etowah Bank*, 204 Ga. App. 49 (418 SE2d 418) (1992).

It is undisputed that Union Planters Bank is a holder of the checks and that it took the checks for value and without notice of defects, defenses or claims to it. OCGA § 11-3-302 (former version). Accordingly, the only remaining issue is whether Union Planters Bank met the good faith requirement of a "holder in due course." More specifically, the issue is whether Union Planters Bank "acted honestly, in good faith, and not arbitrarily or capriciously," in accepting the checks for deposit and allowing immediate draw on the account. See *Ginn v. C & S Nat. Bank*, 145 Ga. App. 175, 177 (243 SE2d 528) (1978).

In support of its motion for summary judgment, Union Planters Bank relied on the affidavit of Roger Tudor, executive vice president and cashier of Union Planters Bank. According to Tudor's affidavit, Union Planters Bank demanded payment on the checks deposited by Southway, but was prevented from collecting because Choo Choo issued a stop payment order prior to the demand for payment. Union Planters Bank contends that it was a holder in due course because it received the checks in good faith and without knowledge that a stop payment order had been issued or that any defects or defenses existed against the checks that would be effective against a holder in due course.

---

[2] The defenses in OCGA § 11-3-305 (2) include: infancy, other incapacity, duress, or illegality of the transaction that renders the obligation of the party a nullity and misrepresentation as has induced the party to sign the instrument without knowledge or opportunity to obtain knowledge of its character or essential terms; and discharge in insolvency proceedings; and any other discharge of which the holder has notice when he takes the instrument.

In opposition to the motion for summary judgment, Choo Choo disputes that Union Planters Bank is a holder in due course. More specifically, Choo Choo contends that Union Planters Bank failed to act in good faith. In his deposition, Tudor testified that if an account is in overdraft status and monies are deposited that allow it to come out of overdraft status, then a teller may place a hold on the account. Union Planters Bank's policy required notification to bank officers of excessive overdrafts and collection of these overdrafts. Upon notice of overdrafts, the bank's officers would place a hold on the overdrawn account. However, in this instance, Union Planters Bank did not place a hold on the account.

In addition, there is some evidence to support Choo Choo's contention that Union Planters Bank showed bad faith when it failed to place a hold on Southway's account, and despite Southway's status as an overdrawn depositor, Union Planters Bank allowed immediate credit to Southway in order to shift the risk of loss from Union Planters Bank to Choo Choo. Tudor's deposition shows a close relationship between Union Planters Bank and Southway. For instance, Southway had a line of credit with Union Planters Bank; Southway made loan payments to Union Planters Bank; and Southway's assets were held by Union Planters Bank as collateral under liens on both its inventory and real estate. Further, Tudor stated that Southway declared bankruptcy the week of December 13, 1993. Prior to the bankruptcy, Union Planters Bank made a separate agreement with a third party to sell Southway's assets and assign any notes or inventory to that third party. Subsequently, Union Planters Bank received approximately $700,000 from the sale of these assets.

Choo Choo relies upon the affidavit of banking expert Ronald E. McKelvy. McKelvy reviewed Union Planters Bank's records and concluded that Southway was overdrawn eighteen days in July 1993; twenty days in August 1993; fourteen days in September 1993; fifteen days in October 1993; fourteen days in November 1993; and six days between December 1 and December 9, 1993, which was during the six-month period before the deposit and immediate draw on the checks at issue. Choo Choo also relies upon McKelvy's deposition. In his deposition, McKelvy testified that Union Planters Bank's action of allowing Southway to immediately draw upon the funds was very risky where Southway's account had been overdrawn for over half the banking days during the prior six-month period. McKelvy argued Union Planters Bank would have acted prudently if it had placed a hold on the checks until they cleared.

We acknowledge persuasive authority from other jurisdictions, where similar conduct was ruled evidence of bad faith. See *Seinfeld v. Commercial Bank &c. Co.*, 405 S2d 1039 (Fla. App. 1981). Furthermore, we have determined that evidence suggesting that a bank

acted without checking the facts placed the bank's good faith in issue. See *Fulton v. Anchor Savings Bank,* 215 Ga. App. 456, 468 (452 SE2d 208) (1994).

In this instance, Choo Choo presented some evidence that calls into question Union Planters Bank's good faith. The deposition testimony of Roger Tudor, a bank officer, places Union Planters Bank's good faith in issue by suggesting that the bank acted without reviewing the status of Southway's account. In addition, McKelvy's affidavit was some evidence that Union Planters Bank acted inconsistent with its own normal business practices.

"Even though the [bank] may swear [it] acted in good faith, the jury may decide [it] acted in bad faith from consideration of facts and circumstances in the case." (Citations and punctuation omitted.) *Crosson v. Lancaster,* 207 Ga. App. 404, 407 (427 SE2d 864) (1993). "Because [a] material issue of fact [concerning Union Planters Bank's good faith] exists, the trial court erroneously granted summary judgment to the bank. . . ." Id.

*Judgment reversed. Eldridge, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED MARCH 19, 1998.

*Renzo S. Wiggins,* for appellant.
*Watson, Dana & Gottlieb, David D. Gottlieb,* for appellee.