Mary LAMB, Plaintiff-Appellee,

v.

McDONNELL–DOUGLAS CORP., Defendant-Appellee,

and

SARGENT INDUSTRIES, INC., Third Party Plaintiff and Defendant-Appellant,

v.

DELTA AIR LINES, INC., Third Party Defendant-Appellee.

No. 82–8049.

United States Court of Appeals, Eleventh Circuit.

Aug. 15, 1983.

Long, Weinberg, Ansley & Wheeler, James S. Strawinski, Atlanta, Ga., for Sargent Industries, Inc.

Gray, Gilliland, Gordon & Hinson, T. Cullen Gilliland, Atlanta, Ga., for McDonnell-Douglas Corp.

Powell, Goldstein, Frazer & Murphy, Daryl Love, Allen S.C. Willingham, Atlanta, Ga., for Delta Air Lines.

Before TJOFLAT and HATCHETT, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Mary Lamb, the plaintiff in this diversity action, fell and suffered serious injury while training on an airplane evacuation slide during the course of her employment with Delta Air Lines. The accident occurred in Atlanta, although she ordinarily worked out of O'Hare Airport in Chicago. Upon learning that she was entitled to worker's compensation benefits in Georgia or Illinois, she elected to receive benefits under the Illinois program. Thereafter, she filed this negligence and product liability action in the District Court for the Northern District of Georgia against McDonnell-Douglas Corporation, the manufacturer of the airplane, and Sargent Industries, Inc., the manufacturer of the evacuation slide. Sargent Industries then filed a third-party complaint against Delta Air Lines seeking contribution and indemnity. Delta moved for summary judgment claiming that under Georgia law an employer cannot be impleaded as a third-party defendant in an employee's tort action if the employee has received worker's compensation benefits. Sargent Industries responded that Illinois law, which would allow a third-party action against the employer, should control since Mary Lamb received benefits under the Illinois worker's compensation program. After reviewing these arguments, the district judge granted Delta's motion, concluding that under Georgia's conflict-of-law rule Georgia law was applicable in fixing the rights of the parties. Final judgment was entered with respect to this issue pursuant to Fed.R.Civ.P. 54(b).

This appeal raises only one issue with respect to the district court's entry of summary judgment in favor of Delta Air Lines: Under Georgia law, does the Illinois or Georgia worker's compensation rule of law apply in fixing a defendant-product manufacturer's right to seek contribution and indemnity by impleading the plaintiff's employer when the injury occurred in Georgia, the employment relationship was localized in Illinois, and the plaintiff sought and received worker's compensation benefits in Illinois even though she was eligible for such benefits in either state. Because this exact question had never been addressed by the courts of Georgia, we certified the issue to the Georgia Supreme Court. Rule 36 of the Supreme Court of Georgia, Official Code of Ga.Ann. § 15–2–9 (Michie 1982), Ga.Code Ann. § 24–4536 (Harrison 1981).

In *Sargent Industries, Inc. v. Delta Air Lines, Inc., et al.,* 251 Ga. 91, 303 S.E.2d 108 (1983) (attached hereto as an appendix), the Supreme Court of Georgia reviewed the issue and concluded, as did the district court below, that the Georgia rule of law controls. For this reason, the order of the district court is

AFFIRMED.

## APPENDIX

In the Supreme Court of Georgia

Decided: June 1, 1983.

39665. SARGENT INDUSTRIES, INC. v. DELTA AIR LINES, INC. et al.

MARSHALL, Presiding Justice.

This case comes before this court upon a question certified by the United States Court of Appeals for the Eleventh Circuit. These are the facts:

Ms. Mary Lamb was hired by Delta Air Lines, Inc., as a flight attendant in 1965. Delta is a Delaware corporation with its principal place of business, and its operations centralized, in Atlanta, Georgia. In 1965, Ms. Lamb was a Wisconsin resident, and as a Delta employee she was based in Chicago, Illinois; thus, the flights on which she served originated from O'Hare Airport in Chicago.

During Ms. Lamb's tenure with Delta, she was required to undergo recurrent flight-attendant training in Atlanta on a periodic basis. In February of 1979, Ms. Lamb was engaged in a training exercise in Atlanta. At this time, she was a resident of Iowa. During this training, she engaged in an evacuation exercise involving an emergency evacuation slide manufactured by Sargent Industries, Inc., a California corporation. This slide was attached to a mock-up of a Delta aircraft. During this exercise, Ms. Lamb suffered a fall causing her to become a paraplegic.

Ms. Lamb, who was eligible to receive workers' compensation benefits in either Georgia or Illinois, filed a claim for benefits in Illinois. These benefits she is currently receiving.

She subsequently brought this negligence and product-liability suit against Sargent in the United States District Court for the Northern District of Georgia. Diversity of citizenship is the ground of federal jurisdiction. Sargent filed a third-party complaint for contribution and indemnity against Delta, alleging that the fall was caused by negligence on Delta's part in its construction of the mock-up and its conduct of the evacuation procedure.

In a diversity suit, the federal district court must decide questions of conflicts of laws under the rules prevailing in the state in which the court is sitting. *Klaxon Co. v. Stentor Electric Mfg. Co., Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

The district court granted Delta's motion for summary judgment, on the ground that under Georgia's conflicts-of-law rule, as applied in *Wardell v. Richmond Screw Anchor Co.,* 133 Ga.App. 378, 210 S.E.2d 854 (1974), Georgia law rather than Illinois law is applicable in this case. Under Georgia law, a party, i.e., an employer, who has paid workers' compensation benefits to an employee is immune from being impleaded as a third-party defendant in a tort action by the employee. *Georgia State Tel. Co. v. Scarboro,* 148 Ga.App. 390(1), 251 S.E.2d 309 (1978) and cits. *Georgia Power Co. v. Diamond,* 130 Ga.App. 268(4), 202 S.E.2d 704 (1973) and cits., *Aretz v. United States,* 456 F.Supp. 397 (S.D.Ga.1978); *O'Steen v. Lockheed Aircraft Corp.,* 294 F.Supp. 409 (N.D. Ga.1968). However, under Illinois law, a third-party sued by an injured employee can implead the employer as a third-party defendant, even though the employer has paid workers' compensation benefits to the employee. *Skinner v. Reed Prentice,* 70 Ill.2d 1, 15 Ill.Dec. 829, 374 N.E.2d 437 (Ill.,1977) and cits.

In this suit, Sargent argues that if the Georgia rule disallowing impleader is applied, this will result in Sargent's subsidiz-

ing Delta's workers' compensation payments to the plaintiff because, under Illinois law, Delta is subrogated to the employee's claim to the extent of compensation paid. *Skinner v. Reed Prentice,* supra. Under Georgia law, an employer previously enjoyed a right to be subrogated to an employee's claim against a third-party to the extent of compensation paid, but this right was repealed by statute in 1972, Code Ann. § 114–403 (Ga.Law 1972, p. 33).

Delta argues that because of its liability for workers' compensation without regard to fault, it should be immunized from being impleaded as a third-party defendant in a tort action by the employee. Delta asserts that this is the prevailing rule in this country. See 2A Larson, The Law of Workmen's Compensation, § 76.00 (1982), but see *Lockheed Aircraft Corp. v. United States,* — U.S. ——, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983).

The district court's grant of Delta's motion for summary judgment was appealed by Sargent to the Eleventh Circuit. On appeal, the federal appellate court certified the following question to this court: "Under Georgia law, does the Illinois or Georgia workers' compensation rule of law apply in fixing a defendant-product manufacturer's right to seek contribution and indemnity by impleading the plaintiff's employer when the injury occurred in Georgia, the employment relationship was localized in Illinois, and the plaintiff sought and received workers' compensation benefits in Illinois even though she was available for such benefits in either state?" *Held:*

In *Wardell v. Richmond Screw Anchor Co.,* supra, the plaintiff, a North Carolina resident, was an employee of F.D. McDonald Erecting Co., a North Carolina corporation. McDonald was working in South Carolina on a construction project. On this project, Richmond Screw Anchor Co., a Delaware corporation, and Southeast Shokbeton, a California corporation, had contracted with the general contractor, Bank Building & Equipment Corporation of America,

to install concrete for a bank building. Richmond and Southeast subcontracted a portion of this work to McDonald. Wardell was injured at the construction site. He made a claim against McDonald for workers' compensation benefits in North Carolina, which benefits were paid.

He then brought a tort suit in Georgia against Richmond and Southeast. The defendant's main defense was that under South Carolina workers' compensation law, although not under Georgia law, the defendants were statutory employers of the plaintiff and, therefore, immune from a tort suit by him. The defendant's motion for summary judgment was granted on this issue. On appeal, the Georgia Court of Appeals affirmed the trial court, agreeing that South Carolina law was applicable. Specifically, the Court of Appeals held that under the Georgia conflicts-of-laws rule in tort cases, the law of the place where the tort was committed is the law by which liability is to be determined, i.e., the *lex loci delictis* determines the substantive rights of the parties. It further held that if the plaintiff is eligible for workers' compensation under the law of the state where the tort was committed, the law of that state is applicable even though the plaintiff may have received and accepted workers' compensation in another state.

Sargent seeks to distinguish *Wardell,* on the ground that the question there was whether the general contractor and a subcontractor were statutory employers of an employee of a sub-subcontractor, whereas the question here is whether an employer is subject to being impleaded as a third-party defendant in a tort action by the employee.

It is true that *Wardell* and the present case do present these different questions. However, it is also true that *Wardell* and the present case involve the same underlying situation, in that here and in *Wardell,* an employee who was injured in one state and eligible to obtain workers' compensation benefits in that state in fact claimed and received benefits in another state. In

this situation, *Wardell* holds that the law of the place of the tort applies.

Therefore, under *Wardell,* the Georgia workers' compensation rule of law applies in fixing a defendant-product manufacturer's right to seek contribution and indemnity by impleading the plaintiff's employer, when the injury occurred in Georgia, and the plaintiff was eligible to receive workers' compensation benefits in Georgia, even though the employment relationship may have been localized in another state and the plaintiff may have been eligible for such benefits in another state.[1]

*Certified question so answered.*

All the Justices concur.

1. Even though Georgia's conflicts-of-laws rule results in the application of Georgia law so as to hold the employer immune from third-party impleader, an argument could still be made that if the employer's negligence in fact contributed to the employee's injury, the defendant in the tort action filed by the employee is nonetheless entitled to set off the amount of workers' compensation paid by the employer from the verdict. See *Williams Bros. Lumber Co. v. Meisel,* 85 Ga.App. 72, 75, 68 S.E.2d 384 (1951); *Aretz v. United States,* supra.

In *Meisel,* supra, the foregoing question was considered, and it was answered in the negative, on the ground that under Georgia law an employer was subrogated to the employee's claim against the third-party to the extent of compensation payments, and, therefore, to allow a defendant to deduct from a jury verdict the amount of workers' compensation benefits would, rather than preventing the employee from obtaining a double recovery, subject the injured employee twice to accounting for such compensation payment. In *Aretz,* supra, the federal district court noted that Georgia's repeal in 1972 of the employer's right of subrogation means that if the employer is in fact a joint tort-feasor with a third-party, i.e., if the employer's and the third-party's negligence combine to produce the employee's injury, then failure to deduct workers' compensation from the verdict might result in a double recovery.

However, it should also be noted that where the defendant who is being sued by an injured employee is contending that the employer's negligence was the sole proximate cause of the injury, third-party impleader is inapplicable, and, if this defense is meritorious, the defendant will not be held liable to the plaintiff in any event. *O'Steen v. Lockheed Aircraft Corp.,* supra.