**Marjory Ann SWAIN, Individually and as Trustee for the Heirs and next of kin of Colin E. Swain, decedent, and Liberty Mutual Insurance Company, Plaintiffs,**

v.

**D & R TRANSPORT COMPANY, INC. and George P. Ayers, Defendants.**

**Civ. No. 88–90–ALB/AMER(DF).**

United States District Court, M.D. Georgia, Albany/Americus Division.

April 30, 1990.

Foy R. Devine & Bruce H. Morris, Devine & Morris, Atlanta, Ga., and Michael S. Polk, Hertogs, Fluegel, Sieben, Polk, Jones & Laverdiere, Hastings, Minn., for plaintiffs.

Ben L. Weinberg, Jr. & Kathryn S. Whitlock, Atlanta, Ga., for Liberty Mut. Ins. Co.

John K. Fitzgerald & Robert E. Corry, Jr., Atlanta, Ga., for defendants.

FITZPATRICK, District Judge.

Currently pending before the court are cross-motions for partial summary judgment filed by plaintiff Marjory Ann Swain (Swain) and intervenor Liberty Mutual Insurance Company (Liberty Mutual). The respective motions seek to determine whether or not Liberty Mutual is entitled to assert a subrogation claim in the above styled action.

### FINDINGS OF FACT

Plaintiff Marjorie Ann Swain, a citizen of Minnesota, has filed a wrongful death suit against defendants D & R Transport Company Inc. (D & R Transport), and George P. Ayers. The event giving rise to plaintiff Swain's action occurred on or about September 11, 1987. On that date, plaintiff Swain's husband Colin E. Swain, a Minnesota resident who was employed by Knudsen Trucking, a Minnesota corporation, was killed as a result of injuries he sustained in an accident in which his truck collided with a truck driven by defendant George P. Ayers. At the time of the accident, Ayers was acting within the scope of his employment as a truck driver for D & R Transport, a Georgia corporation. Colin Swain was also acting within the scope of his employment with Knudsen Trucking when the accident occurred; he therefore qualified for workers' compensation benefits.

Since Colin Swain qualified for workers' compensation benefits, plaintiff Swain, the widow of Colin Swain, and his children were eligible to receive workers' compensation benefits that were payable under either Minnesota law or Georgia law. In accordance with the workers' compensation insurance policy purchased by Colin Swain's employer, the insurance carrier, Liberty Mutual, began paying workers' compensation benefits to plaintiff Swain and also to the Swain's children pursuant to Minnesota law. Liberty Mutual has now intervened in the instant tort action brought by plaintiff Swain and seeks to be subrogated to plaintiff Swain's claim against the defendants to the extent of the benefits it has paid.

### CONCLUSIONS OF LAW

The issue presented by the respective summary judgment motions now before the court is whether Liberty Mutual is entitled to seek subrogation in the above styled action filed under diversity jurisdiction. The question arises because two states that have a stake in the outcome of this case have conflicting laws relating to the subrogation rights of workers' compensation insurance carriers. Minnesota law grants a workers' compensation insurer subrogation rights in a tort action brought by an employee or his survivors against a third-party tort-feasor. Minn.Stat. § 176.061, subd. 5(a) (1984). Conversely, Georgia law does not give a workers' compensation insurer the right to be subrogated to an employee's claim against a third-party tort-feasor. 1972 Ga.Laws 3 (repealing O.C.G.A. § 114–403); *Intex Products, Inc. v. Roper Corp.*, 160 Ga.App. 579, 287 S.E.2d 610 (1981). Thus, the dispositive question for the court is which state's law controls the subrogation rights of Liberty Mutual in the case *sub judice*.

In a suit brought pursuant to diversity jurisdiction, federal district courts must follow the conflict of laws rules prevailing in the state in which it is sitting. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The court, therefore, looks to Georgia's conflict of laws rules to determine whether the court should apply Minnesota law or Georgia law to resolve the subrogation issue.

Although no Georgia court has directly addressed the question of which state's law is controlling on the subroga-

tion issue where the employee is injured in Georgia but collects workers' compensation benefits pursuant to the laws of another state, the Georgia conflict of laws rule most applicable to the instant case is found in *Sargent Industries, Inc. v. Delta Air Lines, Inc., et al.,* 251 Ga. 91, 303 S.E.2d 108 (1983). In *Sargent,* an Iowa resident who was employed by Delta Airlines (Delta) filed a negligence and products liability suit in the Northern District of Georgia, against Sargent Industries, Inc., (Sargent) based on injuries she suffered during an evacuation training exercise. Sargent then filed a third-party complaint for contribution and indemnity against Delta. When the case was appealed, the United States Court of Appeals for the Eleventh Circuit asked the Georgia Supreme Court to decide the following certified question.

Under Georgia law, does the Illinois or Georgia workers' compensation rule of law apply in fixing a defendant-product manufacturer's right to seek contribution and indemnity by impleading the plaintiff's employer when the injury occurred in Georgia, the employment relationship was localized in Illinois, and the plaintiff sought and received workers' compensation benefits in Illinois even though she was available for such benefits in either state?

In answering the certified question, the Georgia Supreme Court cited with approval the Georgia Court of Appeal's ruling in *Wardell v. Richmond Screw Anchor Co.,* 133 Ga.App. 378, 210 S.E.2d 854 (1974), stating that "if the plaintiff is eligible for workers' compensation under the law of the state where the tort was committed, the law of that state is applicable even though the plaintiff may have received and accepted workers' compensation in another state." *Sargent,* 251 Ga. at 69, 303 S.E.2d at 110. In responding to the certified question with an answer that Georgia law applied, the Supreme Court of Georgia noted that "the *lex loci delictus* determines the substantive rights of the parties." *Id.*

In language applicable to the instant case, the *Sargent* court acknowledged that the *Wardell* and *Sargent* cases dealt with different questions concerning workers'

compensation, but went on to find that when the underlying situation involves an employee who was injured in one state and qualifies for workers' compensation benefits in that state but claimed and received benefits in another state, the law of the place of the tort applies. *Sargent,* 251 Ga. at 69, 303 S.E.2d at 110.

The underlying situation in the case *sub judice* mirrors that found in the *Wardell* and *Sargent* cases. In the instant case Colin Swain was injured in Georgia and qualified for workers' compensation benefits in Georgia although his benefits were claimed and received in Minnesota. Accordingly, the court finds that Georgia's applicable conflict of laws rule dictates that Georgia law, the law of the place of the tort, governs the subrogation rights of Liberty Mutual.

Liberty Mutual does not disagree that in a tort action Georgia's conflict of laws rule prescribes that the law of the place of the tort controls. Liberty Mutual instead asserts that its subrogation rights involve a contract dispute thereby making Georgia's rule of *lex loci contractus* the applicable conflict of laws rule. In support of its position, Liberty Mutual quotes from *Williams Bros. Lumber Co. v. Meisel,* 85 Ga.App. 72, 68 S.E.2d 384, 388 (1951), which states that "workmen's compensation liability arises out of a contract created by law...."

The court does not agree with Liberty Mutual's characterization of the dispute over whether or not it has the right to be subrogated to plaintiff Swain in her tort action brought against an alleged third-party tort-feasor as sounding in contract rather than tort. There is no dispute over the issue of whether or not Liberty Mutual is liable for providing workers' compensation benefits to the plaintiff under the policy entered into in Minnesota. What is in dispute is whether Liberty Mutual "can stand in the shoes" of a plaintiff who has brought a tort action in federal district court in Georgia against an alleged third-party tort-feasor. The court concludes that the proper characterization of this issue is one in tort and not contract. Therefore,

the court finds that Georgia law governs the subrogation rights of Liberty Mutual. Under Georgia law a workers' compensation insurer has no subrogation rights in a case such as the instant action. Accordingly, the court finds that Liberty Mutual has no right of subrogation in the case *sub judice.*

## CONCLUSION

For the foregoing reasons, the court GRANTS plaintiff Marjorie Ann Swain's Motion for Partial Summary Judgment and DENIES the Partial Summary Judgment Motion of Liberty Mutual.

SO ORDERED.