S90A1267. K-MART APPAREL CORPORATION et al. v. TEMPLES.
(401 SE2d 5)

FLETCHER, Justice.

We granted the appellants' application to appeal to address the constitutional issues raised in this workers' compensation case.

Appellants are the appellee Temples' employer and the employer's workers' compensation carrier. Temples suffered a work-related injury which necessitated surgery. During the surgery a nerve to her bladder was severed causing permanent injury. She has incurred in excess of $50,000 in psychiatric, psychological and hospitalization expenses resulting from the emotional problems caused by this permanent injury. Temples instituted a medical malpractice action against the surgeon, which was settled for an undisclosed sum, and also filed a claim under OCGA § 34-9-203 for workers' compensation benefits for medical expenses resulting from the consequences of the medical malpractice. This Code section provides, in pertinent part:

[T]he employer shall not be liable in damages for malpractice by a physician or surgeon furnished by him pursuant to this chapter, but the consequences of any malpractice shall be deemed part of the injury resulting from the accident and shall be compensated for as such.

The administrative law judge awarded these medical expenses to Temples. This award was affirmed by the State Board of Workers' Compensation and Clayton Superior Court.

1. The appellants argue that OCGA § 34-9-203 is unconstitutional because it requires the employer to compensate an employee for the consequences of a physician's malpractice, without giving the employer the corresponding right to recover its losses through subrogation. Thus, appellants argue, they are deprived of their property without due process of law.

Appellants' brief makes it clear that this challenge is one of procedural due process. Procedural due process requires that before the state deprives a person of a protected property interest it must afford him notice and an opportunity to be heard. *Bell v. Burson*, 402 U. S. 535, 542 (91 SC 1586, 29 LE2d 90) (1971); *Sims v. City of Toccoa*, 256 Ga. 368 (349 SE2d 385) (1986). Under the Workers' Compensation Act the employer *is* entitled to notice and an opportunity to be heard prior to being required to pay benefits under OCGA § 34-9-203. See OCGA § 34-9-100 et seq. Thus, the "deprivation" of appellants' property is not without procedural due process. That an employer may not avail itself of subrogation, which in these circumstances is neither constitutionally mandated nor recognized under Georgia law, does not deny the employer procedural due process.

Further, the employer has no constitutionally protected interest in any sums the employee receives from the third-party tortfeasor. Due process safeguards only those interests in property "that a person *has already acquired* in specific benefits." (Emphasis supplied.) *Board of Regents v. Roth*, 408 U. S. 564, 576 (92 SC 2701, 33 LE2d

548) (1972).

> Property interests . . . are not created by the Constitution, . . . [but] they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law. . . . To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. . . . He must, instead, have a legitimate claim of entitlement to it. Id. at 577.

As originally enacted in 1920, the Workers' Compensation Act did not subrogate the employer to any part of the employee's claim against a third party. *Atlantic Ice &c. Corp. v. Wishard*, 30 Ga. App. 730 (1) (119 SE 429) (1923). In 1922, the Act was amended to extend subrogation rights to the employer under certain circumstances. See former Code Ann. § 114-403; *Aetna Ins. Co. v. Windsor*, 133 Ga. App. 159 (1) (210 SE2d 373) (1974). However, in 1972, the employer's subrogation rights were abolished by the repeal of former Code Ann. § 114-403. *Spengler v. Employers Commercial Union Ins. Co.*, 131 Ga. App. 443, 444 (206 SE2d 693) (1974). Further, it has been held that

> any subrogation claim which an insurer under the Georgia Workers' Compensation Act may have against a third-party tortfeasor who has caused the death or disability of an employee arises solely by operation of statute. *Liberty Mut. Ins. Co. v. Ga. Ports Auth.*, 155 Ga. App. 940, 941 (274 SE2d 52) (1980).

Absent a statute providing for subrogation, appellants have no protected property interest in the settlement received by appellee. Even prior to the repeal of former Code Ann. § 114-403, it was held that this statutory provision for subrogation did "not vest title to a claim against a third person for injury to an employee in the employer or insurance carrier." *Gay v. Greene*, 91 Ga. App. 78, 81 (84 SE2d 847) (1954).

2. We do not agree with appellants' argument that the failure to provide subrogation under Georgia law is "fundamentally unfair" because it permits the employee to, in some instances, make a "double recovery."[1]

Under the Workers' Compensation Act the employer is required to pay benefits to the employee without regard to fault. *Travelers Ins. Co. v. Ga. Power Co.*, 51 Ga. App. 579 (1) (181 SE 111) (1935). In

---

[1] For a criticism of this argument, see *Senters v. Wright & Lopez*, 220 Ga. 611, 612 (140 SE2d 904) (1965).

turn, the employee may not sue the employer in tort, OCGA § 34-9-11, and the employer may not be impleaded as a joint tortfeasor in the employee's action against a third party. *Sargent Indus. v. Delta Air Lines*, 251 Ga. 91 (303 SE2d 108) (1983). In creating this statutory balance of rights and privileges, the legislature has determined that the employer should not be entitled to subrogation. This the legislature may do absent any constitutional prohibition. Appellants have cited no authority to this court for the proposition that either the Georgia Constitution or the United States Constitution requires subrogation in the circumstances of this case. Therefore the judgment of the trial court is affirmed.

*Judgment affirmed. Clarke, C. J., Smith, P. J., Bell, Hunt, Benham, Fletcher, JJ., and Judge Watson L. White concur; Weltner, J., not participating.*

DECIDED FEBRUARY 28, 1991.

*Fortson & White, Michael J. Rust,* for appellants.
*Burdine & Brown, Thomas F. Brown II,* for appellee.