A02A0017. JOHNSON et al. v. COMCAR INDUSTRIES, INC. et al.
(556 SE2d 148)

ELDRIDGE, Judge.

We granted appellants-defendants William F. Johnson's, Blue Tee Corporation's, National Union Fire Insurance Company's, and Southco Company of North Carolina's application for interlocutory review of the DeKalb County State Court's order denying their motion for partial summary judgment grounded upon the claim that appellees-plaintiffs Comcar Industries, Inc. d/b/a Coastal Transport and Protective Insurance Company, its insurer, were not entitled to assert a subrogation claim in this workers' compensation case. Pertinently, the instant case arises out of a motor vehicle collision in DeKalb County between Johnson and appellee-plaintiff-intervenor Richard S. Poe, a Comcar employee at the time of the accident. Poe was injured in the accident; however, because he then lived in Virginia, Protective paid Poe workers' compensation benefits under the Virginia Workers' Compensation Act.[1] Subsequently, Comcar and Protective, as Poe's subrogees, filed the instant action against Johnson, Blue Tee,[2] National Union, and Southco, seeking to recover the workers' compensation benefits paid Poe in Virginia. Poe, in turn, voluntarily dismissed the damages action he had filed against John-

---

[1] Va. Code § 65.2-309.

[2] On January 22, 1999, Comcar dismissed its complaint against Blue Tee without prejudice.

son, and, on February 4, 1999, the state court granted Poe's motion to intervene herein. Johnson, Blue Tee, National Union, and Southco appeal the denial of their motion for partial summary judgment, contending that Georgia law bars the subrogation claim against them made by Comcar and Protective. Finding that the law of Georgia governs and that the plain meaning of OCGA § 34-9-11.1 (b) allows subrogee employers and their insurers to recover workers' compensation benefits only to the extent that these have been paid injured employees under the Georgia Workers' Compensation Act, we reverse.

Lex loci delictis, i.e., the place of the wrong, is the Georgia conflict of law rule here applicable. *Maryland Cas. Ins. Co. v. Glomski*, 210 Ga. App. 759, 760 (437 SE2d 616) (1993), citing *Sargent Indus. v. Delta Air Lines*, 251 Ga. 91, 93 (303 SE2d 108) (1983). Mindful of the foregoing, the state court notes, and the parties agree, that Georgia law governs any right to subrogation which Comcar and Protective may have in this case. In this regard, OCGA § 34-9-11.1 sets out the employer's or insurer's right to be subrogated to an employee's claim against a third-party tortfeasor in Georgia. Subsection (b) thereof provides:

> In the event an employee has a right of action against such other person as contemplated in subsection (a) of this Code section and the employer's liability under this chapter has been fully or partially paid, then the employer or such employer's insurer shall have a subrogation lien, *not to exceed the actual amount of compensation paid pursuant to this chapter*, against such recovery. The employer or insurer may intervene in any action to protect and enforce such lien. However, the employer's or insurer's recovery under this Code section shall be limited to the recovery of *the amount of disability benefits, death benefits, and medical expenses paid under this chapter* and shall only be recoverable if the injured employee has been fully and completely compensated, taking into consideration both the benefits received under this chapter and the amount of recovery in the third-party claim, for all economic and noneconomic losses incurred as a result of the injury.

(Emphasis supplied.) OCGA § 34-9-11.1 (b).

By its own terms, given emphasis above, OCGA § 34-9-11.1 (b) plainly provides the employer or insurer a right of subrogation limited to benefits paid under the Georgia Workers' Compensation Act. "When, as here, the plain language of the statute is susceptible of only one meaning, the courts must follow that meaning unless to do so would produce contradiction or absurdity. [Cit.]" *Chives v. State*,

214 Ga. App. 786, 787 (449 SE2d 152) (1994); accord *Diefenderfer v. Pierce*, 260 Ga. 426, 427 (396 SE2d 227) (1990). Benefits having been paid Poe under Virginia law alone, Comcar and Protective have no Georgia subrogation right in this case. OCGA § 34-9-11.1; *Maryland Cas. Ins. Co. v. Glomski*, supra at 761. It follows that the state court erred in denying Johnson, Blue Tee, National Union, and Southco partial summary judgment, requiring reversal. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991) ("If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards.").

*Judgment reversed. Smith, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 19, 2001 —
RECONSIDERATION DENIED NOVEMBER 29, 2001 — 

*Goldner, Sommers, Scrudder & Bass, Thomas E. McCarter*, for appellants.

*Robert L. Kiser, Robert A. Elsner*, for appellees.