A03A2026. TYSON FOODS, INC. v. CRAIG et al.
(597 SE2d 520)

ADAMS, Judge.

Eddie J. Craig, a Texas resident, was injured in a January 29, 1999 truck collision in Fulton County, Georgia, in the course of his employment with Tyson Foods, Inc. As of April 3, 2002, Tyson Foods had paid Craig $97,840.43 in injury-related benefits under the Texas workers' compensation law. Texas Labor Code Ann. § 401.001 et seq. Craig and his wife brought a negligence action in Fulton County against the driver and owner of the other vehicle involved in the collision. Tyson Foods intervened in that action in order to assert a subrogation claim for the workers' compensation benefits it had paid to Craig.

Craig settled his claim against the alleged tortfeasors for $160,000. Of that amount, $97,840.43 was paid into the registry of the trial court pending resolution of Tyson Foods' subrogation claim. Craig asked the trial court to rule that Tyson Foods was not entitled to any share of the settlement proceeds. Tyson Foods then moved to enforce its subrogation claim. The trial court granted Craig's motion and denied Tyson Foods' motion. Tyson Foods appeals from that order and claims the trial court erred in (1) failing to give full faith and credit to the Texas workers' compensation statute, and (2) finding that Tyson Foods could never prove Craig had been fully compensated under the Georgia workers' compensation statute. For reasons set forth below, we affirm.

In *Sargent Indus. v. Delta Air Lines*, 251 Ga. 91, 94 (303 SE2d 108) (1983), our Supreme Court held that

> the Georgia workers' compensation rule of law applies . . . when the injury occurred in Georgia, and the plaintiff was eligible to receive workers' compensation benefits in Georgia, even though the employment relationship may have been

localized in another state and the plaintiff may have been eligible for such benefits in another state.

Similarly, "when the underlying situation involves an employee who was injured in one state and qualifies for workers' compensation benefits in that state but claimed and received benefits in another state, the law of the place of the tort applies." (Citation, punctuation and emphasis omitted.) *Maryland Cas. Ins. Co. v. Glomski*, 210 Ga. App. 759, 760 (437 SE2d 616) (1993). Based on this principle, we held in *Glomski* that an insurer's subrogation rights were governed by the law of Georgia where Georgia was the place of the alleged tort, notwithstanding that the insurer had made workers' compensation payments under the laws of Illinois. Id. It follows that because Craig was injured in Georgia, Georgia's workers' compensation law, and not Texas law, governs Tyson Foods' subrogation claim.

Tyson Foods attempts to distinguish *Glomski* and *Sargent* by showing that those courts were presented with conflicting and competing workers' compensation schemes; that Georgia and Texas workers' compensation law are not in conflict because they both provide subrogation rights for persons paying workers' compensation benefits; and that, accordingly, under the "full faith and credit" and "comity" provisions of Article IV, Section 1 of the United States Constitution and OCGA § 1-3-9, respectively, we should give effect to Tyson Foods' subrogation rights under Texas law. We disagree with the initial premise of this argument because the subrogation rights provided by the Texas workers' compensation law and under OCGA § 34-9-11.1 (b) are in fundamental conflict.

Under Texas Labor Code Ann. § 417.002 (a), "[t]he net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury." In other words, the "first money" of any recovery, after reduction for attorney fees and expenses, goes to the payor of workers' compensation benefits. See *Texas Workers' Compensation Ins. Fund v. Alcorta*, 989 SW2d 849, 852 (Tex. App. 1999).

Georgia law, as codified in OCGA § 34-9-11.1 (b), takes a different approach. Only if the injured worker has been fully and completely compensated for his injuries may the employer or the employer's insurer enforce a subrogation lien on the injured employee's recovery in a third-party action. *Canal Ins. Co. v. Liberty Mut. Ins. Co.*, 256 Ga. App. 866, 872 (2) (570 SE2d 60) (2002). That the injured party be fully compensated is a matter of Georgia public policy. Id. Compare OCGA § 34-9-11.1 (c). "The laws of other states have no force in Georgia except on principles of comity and so long as their enforcement is not contrary to the policy of this State." (Citations and punctuation

omitted.) *Roadway Express v. Warren*, 163 Ga. App. 759, 761 (4) (295 SE2d 743) (1982); OCGA § 1-3-9. See also *Carroll v. Lanza*, 349 U. S. 408 (75 SC 804, 99 LE 1183) (1955) (Arkansas had no duty to recognize Missouri workers' compensation law where injury occurred in Arkansas and injured employee sued third party in Arkansas). Tyson Foods fails to distinguish *Glomski* and *Sargent*. The trial court correctly ruled that Georgia law applied to Tyson Foods' subrogation claim.

The trial court also correctly found that, because Georgia law applied and Craig's workers' compensation benefits were not paid under Georgia law, Tyson Foods had no subrogation right against Craig's settlement. "OCGA § 34-9-11.1 (b) plainly provides the employer or insurer a right of subrogation limited to benefits paid under the Georgia Workers' Compensation Act." *Johnson v. Comcar Indus.*, 252 Ga. App. 625, 626 (556 SE2d 148) (2001). Given our conclusions, we do not address Tyson Foods' remaining enumeration of error.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MARCH 23, 2004.

*Smith, Gilliam, Williams & Miles, Steven P. Gilliam, Robert A. Weber*, for appellant.

*Butler & MacDougald, Daniel MacDougald III*, for appellees.