A04A1834. DOWIS et al. v. MUD SLINGER CONCRETE, INC.
et al.
(605 SE2d 615)

ELDRIDGE, Judge.

Johnny Edwin Dowis and Elysa Michele Dowis, Plaintiffs, appeal the grant of summary judgment on their tort action against Mud Slinger Concrete, Inc., Plaintiff's employer, and Michael Clement Graves, President of the corporate Defendant, foreman, and co-worker. The employer is a Missouri corporation, which paid Plaintiff workers' compensation benefits under Missouri law for an injury occurring on the job in Georgia. The trial court applied the exclusive remedy provision of the Georgia Workers' Compensation Act, OCGA § 34-9-11 et seq., and the lex loci delicti rule as to the applicable choice of substantive law. Plaintiff wants to use the Missouri Workers' Compensation Act, because it would allow him to sue his employer and the president under Georgia tort law. Finding no error, we affirm.

The Plaintiff, Johnny Edwin Dowis, was a Tennessee resident, hired by the Missouri Defendants to hang large sheets of precast plaster molding in a Baymont Inn & Suites in Roswell, Fulton County, Georgia. While working in Roswell, Georgia, Plaintiff was in a basket (manlift) of a telescopic boom forklift operated by the Defendant Graves for Plaintiff's employer. The boom tipped over, causing the Plaintiff to fall four stories. Plaintiff filed a Workers' Compensation claim against the Defendant-employer in Missouri rather than under the Georgia Workers' Compensation Act.

1. The Plaintiffs contend that the trial court erred in granting summary judgment to the Defendants.

There is no issue of fact that the Plaintiff sustained his injuries arising out of and in the course of his employment for the Defendant in Georgia. Therefore, the exclusive remedy of the Georgia Workers' Compensation Act precludes the Plaintiffs from any civil tort action against the Defendants, even when they did not pay benefits to the Plaintiff under Georgia Workers' Compensation law. OCGA § 34-9-11; *Ga. Dept. of Human Resources v. Joseph Campbell Co.*, 261 Ga. 822 (1) (411 SE2d 871) (1992); *Cowart v. Crown American Properties*, 258 Ga. App. 21, 22 (1) (572 SE2d 706) (2002); see also *Long v. Marvin M. Black Co.*, 250 Ga. 621 (300 SE2d 150) (1983) (statutory employer immune even though subcontractor-employer paid benefits).

Workers' compensation is the exclusive remedy of employees against employers for work-related injuries. Because of this statute, an employer cannot be held liable as a joint tortfeasor with a third party, even when the employer's negligence contributes to the employee's injuries. Thus, an employer who pays workers' compensation benefits to an employee is

immune from liability as a third-party defendant in the employee's tort action.

(Citations and footnote omitted.) *Ga. Dept. of Human Resources v. Joseph Campbell Co.*, supra at 822-823 (1). Summary judgment was appropriate under the Act. *Cowart v. Crown American Properties*, supra at 22.

2. The Plaintiffs contend that the trial court erred in applying the conflicts of law rule of lex loci delicti so that the Georgia Workers' Compensation Act applied.

In this case, a Missouri employer, who had paid workers' compensation under Missouri law rather than under Georgia Workers' Compensation law for an injury that occurred in Georgia, is sued under Georgia tort law in a Georgia forum, and Georgia courts are asked to ignore Georgia public policy and to apply Missouri Workers' Compensation law that has a different public policy regarding suits against the employer and its officers. OCGA § 34-9-11. The Missouri law may not bar a tort action against the employer and president of the employer corporation.

As to the Georgia conflicts of law rules in tort cases, Georgia courts have invariably followed this doctrine holding that "the *lex loci delicti*[ ] determines the substantive rights of the parties." *Sargent Indus. v. Delta Air Lines*, 251 Ga. 91, 94 (303 SE2d 108) (1983). Where a nonresident employee, hired by a foreign corporation, is injured in Georgia, arising out of and in the scope of the employment, Georgia will apply its own substantive law, whether or not the Georgia Workers' Compensation law was invoked to pay, because the Georgia conflicts of law rules look to the state of the last act completing the tort to determine the applicable substantive law. Id. Taking benefits under a more liberal foreign workers' compensation law rather than Georgia Workers' Compensation law does not change the exclusive remedy provision of the Georgia Workers' Compensation law as a matter of overriding Georgia public policy. Id. at 92; see also *Wardell v. Richmond Screw Anchor Co.*, 133 Ga. App. 378, 379-380 (1) (210 SE2d 854) (1974).

The president of the corporate defendant is the alter-ego of the corporate employer; therefore, he enjoys the same immunity from suit as does the employer. *Chambers v. Gibson*, 145 Ga. App. 27, 28 (243 SE2d 309) (1978); *Cunningham v. Heard*, 134 Ga. App. 276, 277-278 (214 SE2d 190) (1975).

3. The Plaintiffs contend that the trial court erred in not employing the public policy exception to the rule of lex loci delicti.

The Plaintiffs engage in inconsistent reasoning in that they want both the substantive law of Missouri and Georgia to apply at the same time where it benefits them; they want to pick and choose which

state's law most benefits them, applying some of one and some of another. Plaintiffs argue that the Georgia conflicts of law rules be only partially rejected in this case and allow them to sue the employer under Missouri Workers' Compensation law but to apply Georgia's tort law in such action, reasoning that Georgia public policy is offended by the application of lex loci delicti, which requires the application of the Georgia Workers' Compensation exclusive remedy to bar their tort action against the employer and president. Plaintiffs want Georgia tort, procedure, evidence, and damage law to apply but they want Missouri Workers' Compensation law to apply, because it permits them to bring this suit, while Georgia Workers' Compensation law prohibits the suit. The rationale of this argument is that Georgia has a public policy against drugs in the workplace and wants to have a drug-free workplace. OCGA §§ 34-9-410; 45-23-2. They argue that drug use by co-workers prior to and at the time of the occurrence contributed to an unsafe work environment and by allowing this suit under Missouri Workers' Compensation law, such Georgia public policy for a drug-free workplace would be advanced using Georgia tort law to sue the employer and president, because they did not prevent such drug use in the workplace.

First, such use of the public policy exception would not generally advance the public policy of a drug-free environment in this case and the few other rare cases on all fours with this case; such would be too narrow an exception. There is no evidence in either statute that a conflict exists between a drug-free workplace and the exclusive remedy. See OCGA §§ 34-9-11; 34-9-410 (Drug-Free Workplace Programs); 45-23-2 (Drug-Free Public Work Force).

"All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it; they are therefore to be construed in connection and in harmony with the existing law." (Citation and punctuation omitted.) *McPherson v. City of Dawson*, 221 Ga. 861, 862 (148 SE2d 298) (1966). However, if Plaintiffs' position is followed, two Georgia public policies come into direct conflict, i.e., exclusive remedy and drug-free workplace. OCGA §§ 34-9-11; 34-9-410; 45-23-2. It is for the courts to resolve apparent conflicts between differing sections of the same statute. *Bd. of Trustees &c. v. Christy*, 246 Ga. 553, 554 (1) (272 SE2d 288) (1980), overruled on other grounds, *Mayor &c. of Savannah v. Stevens*, 278 Ga. 166 (598 SE2d 456) (2004). Where a particular section of an Act is not as extensive or large in its import as other expressions of the same statute, the narrower provision must yield to the larger and more extensive expression, because the latter embodies the real intent of the legislature. *Bd. of Trustees &c. v. Christy*,

supra at 554-555. Thus, the strong and longstanding workers' compensation exclusive remedy public policy would over-ride the drug-free public policy. Id. at 555. The drug-free workplace statute fails to indicate either expressly or by inference that it was the legislative intent for the drug-free work environment to supersede the exclusive remedy policy when there is a conflict between these two policies. OCGA §§ 34-9-11; 34-9-410 et seq.; 45-23-1 et seq. It is the intent of the General Assembly which governs the interpretation of statutes and not what others deem that it means. *City of Fitzgerald v. Newcomer*, 162 Ga. App. 646, 648 (1) (291 SE2d 766) (1982). Absent a clear expression of such intent, the exclusive remedy is the controlling public policy.

Second, OSHA sanctions, as well as criminal sanctions, are better designed to advance the drug-free work place public policy and would apply without being highly selective.

Third, while it might be advisable to reconsider the conflicts of law rule of lex loci delicti so that Georgia is in line with conflicts of law rules in other states, the Supreme Court of Georgia has addressed this issue, and we are bound by its opinions. See *Sargent Indus. v. Delta Air Lines*, supra at 94.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 30, 2004 —

*Ronald P. Jayson*, for appellants.
*Bovis, Kyle & Burch, Gregory T. Presmanes*, for appellees.