A08A2394. MORRIS v. NEXUS REAL ESTATE MORTGAGE AND
INVESTMENT COMPANY et al.

(675 SE2d 511)

DOYLE, Judge.

In an action as a judgment creditor brought pursuant to OCGA § 14-8-28, Eddie Lou Morris, acting pro se, appeals from an order granting summary judgment on res judicata and statute of limitation grounds to Ann Crow, William Crow, and Travis Crow. Morris challenges both grounds, and, for the reasons that follow, we reverse and remand.[1]

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

The undisputed record shows that in 1990 Morris obtained a judgment in the amount of $6,725 against James Crow (deceased ex-husband of Ann Crow) and Nexus Real Estate Mortgage and Investment Company ("Nexus" — of which James and Ann Crow were officers). In 1990, James and Ann Crow divorced; in 1991, James Crow died. In 1994, a Fulton County jury returned a verdict in favor of Morris for $850,518.20, jointly and severally against Willie Cunningham, Unicorn Properties, Inc., and Nexus. After Morris filed a subsequent action in DeKalb County against Georgia Mortgage Equities, Inc. ("GME" — of which William and Travis Crow were officers), that court granted summary judgment in 1999 to GME on statute of limitation grounds.

In September 2000, Morris filed the instant action as a judgment creditor under OCGA § 14-8-28 (a) against James Crow (deceased), Ann Crow, Willie and Carolyn Cunningham, and William and Travis

---

[1] Although Morris's pro se brief lacks clarity, it does sufficiently enumerate an erroneous ruling for purposes of our consideration of the appeal. See *City of Gainesville v. Dodd*, 275 Ga. 834, 837 (573 SE2d 369) (2002); *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999) (enumerated error of law was the denial of motion itself). ·

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Crow. That Code section provides:

> On due application to a competent court by any judgment creditor of a partner or of any assignee of an interest in the partnership, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner or such assignee with payment of the unsatisfied amount of such judgment debt with interest thereon. . . .[3]

In October 2003, the trial court granted partial summary judgment to Morris, making the following factual findings:

> Morris lost her home and savings due to misrepresentations of Mr. James Crow and Mr. Willie Cunningham.

> In 1994, a Fulton County Superior Court awarded the plaintiff the sum of approximately $850,000 plus interest against Nexus, Mr. James Crow, Mr. Willie Cunningham, and Unicorn.

> The plaintiff has not received any payment toward this judgment.

> Defendant Ann Crow was the wife of James Crow as well as a director/corporate officer of Nexus.

That ruling was not appealed, and we treat those findings as true for purposes of this appeal.[4]

In February 2008,[5] Ann, William, and Travis Crow moved for summary judgment on the grounds that (i) as to William and Travis Crow, a prior claim based on an alleged fraudulent transfer had been resolved against Morris in DeKalb County; and (ii) as to all three defendants, a four-year statute of limitation precluded the present action (brought in 2000 on a 1994 judgment). In May 2008, the trial court granted summary judgment on both grounds, and Morris now appeals.

1. The trial court does not specify the basis for its conclusion that a four-year statute of limitation applies to claims under OCGA § 14-8-28. The court apparently relied on an assertion made without

---

[3] OCGA § 14-8-28 (a).

[4] See *Matjoulis*, 226 Ga. App. at 459 (1).

[5] In December 2003, based on an apparent venue problem, the case was transferred to Cobb County Superior Court, but in March 2006, that court transferred the case back to Fulton County Superior Court.

citation in the Crows' summary judgment brief that the four-year statute of limitation of OCGA § 18-2-79 (applicable to claims for fraudulent transfers) applies to a claim under OCGA § 14-8-28 (applications by judgment creditors to obtain payment from debtor's partnership interest). We have found no authority supporting this proposition, and the Crows cite none. To the contrary, we note that the limitation in OCGA § 18-2-79 explicitly applies to "[a] cause of action with respect to a fraudulent transfer or obligation under this article. . . ." The claim brought here was not brought "under this article," i.e., Article 4, Chapter 2 of Title 18. This action alleges no fraudulent transfer but relies on the authority of a judgment creditor (under OCGA § 14-8-28) to receive certain payments from his debtor's partnership (if any) or the assignees of the partnership interest. Therefore, we discern no legal basis to conclude that the statute of limitation in OCGA § 18-2-79, which is limited on its face to relief sought under that article, reaches beyond the scope of that article to the instant claim, which was brought under OCGA § 14-8-28.[6]

2. With respect to the defense of res judicata, the prior judgment relied upon by the trial court and the defendants was a resolution of claims only as to GME (of which William and Travis Crow are officers). However, the present action names William and Travis Crow as "assignees" of the partnership interest allegedly at issue.

> The doctrine of res judicata provides that [a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside. That is, res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action. . . . A privy has generally been defined as one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. It has also been said that before privity can be established, the interests of the party must

---

[6] See *Mills v. Allstate Ins. Co.*, 288 Ga. App. 257, 258 (653 SE2d 850) (2007) ("[i]n construing a statute, we apply the fundamental rules of statutory construction that require us to construe a statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage") (punctuation omitted).

fully represent the interests of the privy and be fully congruent with those interests.[7]

Here, the prior judgment is only as to GME and not to William and Travis. With respect to a partnership interest assigned to William and Travis (if any) from Morris's judgment debtors, there is nothing in the record to suggest that William and Travis were in privity with or had the same interest as GME.[8] Thus, in this action on a partnership interest under OCGA § 14-8-28, William and Travis lacked sufficient identity of interest with GME for res judicata purposes in the present action. The prior action was premised on an alleged fraudulent transfer of some asset to GME, whereby the asset itself was allegedly recoverable by Morris as a judgment creditor. Here, by contrast, Morris seeks a charging order against a debtor's partnership interest. The liability here, if any, does not depend on William and Travis's relationship to GME; rather, it depends on whether William or Travis were transferred a partnership interest of a Morris debtor that would be chargeable under OCGA § 14-8-28. As the record contains no prior judgment addressing William and Travis with respect to such an interest, we find no basis to conclude that the claim asserted here against William and Travis was resolved by the 1999 summary judgment grant to GME.

We emphasize that the legal conclusions herein are limited to the record presented on appeal.[9] In the absence of other grounds for disposition developed in and supported by the record, we are presented with nothing more to review.[10] Accordingly, we reverse and remand for further proceedings.

*Judgment reversed and case remanded. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 5, 2009.

Eddie L. Morris, *pro se.*

---

[7] (Citations and punctuation omitted.) *Butler v. Turner*, 274 Ga. 566, 568 (1) (555 SE2d 427) (2001).

[8] Compare *Housing Auth. of Atlanta v. Heart of Atlanta Motel*, 220 Ga. 192, 195-196 (1) (c) (137 SE2d 647) (1964).

[9] We note that the record contains an amended complaint and pretrial order in which Morris urged various bases for relief in addition to her claim under OCGA § 14-8-28. To the extent the trial court ruled that any purported fraudulent transfer claims were barred by the statute of limitation and res judicata, we affirm that ruling. Accordingly, our reversal is limited to the trial court's grant of summary judgment as to Morris's claim under OCGA § 14-8-28.

[10] See *City of Gainesville*, 275 Ga. at 838 ("[w]hen a trial court grants a judgment clearly based on a certain issue, although it did so incorrectly, the appellate court has no other ruling to examine").