A09A0550. LIBERTY MUTUAL INSURANCE COMPANY
v. ROARK et al.
(677 SE2d 786)

JOHNSON, Presiding Judge.

This case involves an insurance company's claim for subrogation and a conflict of laws issue. The facts of the case are not in dispute. On July 30, 2003, Robert Edward Roark, a citizen and resident of Tennessee, was in the course and scope of his employment with Short Mountain Trucking, Inc., a Tennessee corporation, when a vehicle operated by David McReynolds and owned by Russell McReynolds (collectively "McReynolds") pulled into his path while he was driving in Catoosa County. Roark received Tennessee workers' compensation benefits paid by Liberty Mutual Insurance Company, which provided workers' compensation insurance coverage for Short Mountain Trucking. Ultimately, Roark's workers' compensation claim was settled pursuant to a consent judgment, and Liberty Mutual paid Roark total workers' compensation benefits of $79,007.85.

On July 22, 2005, Roark and his wife sued McReynolds in Catoosa County Superior Court for personal injuries and loss of consortium. Liberty Mutual filed an intervenor complaint on July 31, 2006, alleging it had the right as a matter of law to intervene in order to protect its subrogation lien created by OCGA § 34-9-11.1 (b). On March 10, 2008, the Roarks and McReynolds agreed to settle the case for $80,000, conditioned upon a resolution of Liberty Mutual's subrogation lien. However, Liberty Mutual and the Roarks were unable to resolve the subrogation claim due to differences over whether Georgia or Tennessee law governed Liberty Mutual's subrogation rights. On March 17, 2008, Liberty Mutual voluntarily dismissed its intervenor complaint and filed a petition to enforce its subrogation lien in a circuit court in Tennessee.[1]

Fearing a later suit or an inconsistent Tennessee judgment allowing Liberty Mutual to recover proceeds collected by the Roarks from McReynolds, the Roarks subsequently moved to join Liberty Mutual as an indispensable party, asserting that they could not try or

---

[1] This Tennessee matter is still pending.

compromise their tort claim against McReynolds

> until the subrogation interest of Liberty Mutual Insurance Company is resolved without incurring a substantial risk of inconsistent obligations because of significant differences between the law of the States of Tennessee and Georgia regarding the subrogation interest of Liberty Mutual.

The trial court granted the Roarks' motion for joinder.

A few weeks later, Liberty Mutual filed a petition to enforce its subrogation lien. The Roarks filed a motion for judgment on the pleadings or, in the alternative, motion for partial summary judgment, and Liberty Mutual moved for summary judgment. The trial court granted the Roarks' motion, and denied Liberty Mutual's motion. For reasons that follow, we agree.

1. Liberty Mutual contends the trial court erred in finding that Georgia law, and not Tennessee law, controls the action. Under Tennessee law, an employer, or its insurer, who has paid workers' compensation benefits is reimbursed for those benefits before the injured party is entitled to recover from a third-party tortfeasor.[2] Under Georgia law, however, an employee must be made whole before the employer, or its insurer, may recover from a third-party tortfeasor.[3]

This particular conflict of law issue has been clearly resolved by the Supreme Court of Georgia:

> The Georgia workers' compensation rule of law applies ... when the injury occurred in Georgia, and the plaintiff was eligible to receive workers' compensation benefits in Georgia, even though the employment relationship may have been localized in another state and the plaintiff may have been eligible for such benefits in another state.[4]

This Court has similarly held that "when the underlying situation involves an employee who was injured in one state and qualifies for workers' compensation benefits in that state but claimed and received benefits in another state, *the law of the place of the tort applies*."[5]

---

[2] Tenn. Code Ann. § 50-6-112 (c); *Correll v. E. I. DuPont de Nemours & Co.*, 207 SW3d 751, 754 (Tenn. 2006).

[3] OCGA § 34-9-11.1 (b).

[4] (Footnote omitted.) *Sargent Indus. v. Delta Air Lines*, 251 Ga. 91, 94 (303 SE2d 108) (1983).

[5] (Citation and punctuation omitted; emphasis in original.) *Maryland Cas. Ins. Co. v. Glomski*, 210 Ga. App. 759, 760 (437 SE2d 616) (1993).

> Where a nonresident employee, hired by a foreign corporation, is injured in Georgia, arising out of and in the scope of the employment, Georgia will apply its own substantive law, whether or not the Georgia Workers' Compensation law was invoked to pay, because the Georgia conflicts of law rules look to the state of the last act completing the tort to determine the applicable substantive law.[6]

Thus, since Mr. Roark was injured in Georgia, and therefore entitled to receive workers' compensation benefits in Georgia, Georgia workers' compensation law, and not Tennessee law, governs Liberty Mutual's subrogation claim.[7]

Liberty Mutual's argument that this case should be decided under the doctrine of lex loci contractus because workers' compensation subrogation is a contract at law lacks merit. The right to subrogation of workers' compensation benefits paid to an employee is a substantive law issue, and Georgia courts have addressed the very issue presented in this case and found that Georgia law applies in determining workers' compensation subrogation rights when the employee is injured in Georgia.[8]

The trial court correctly found that Georgia law applied and that, since Mr. Roark's workers' compensation benefits were not paid under Georgia law, Liberty Mutual had no subrogation rights against the Roarks' settlement. "OCGA § 34-9-11.1 (b) plainly provides the employer or insurer a right of subrogation limited to benefits paid under the Georgia Workers' Compensation Act."[9]

2. Liberty Mutual also argues that the Roarks consented to the application of Tennessee law when they moved to join Liberty Mutual as an indispensable party, and that the trial court authorized Liberty Mutual's claim under Tennessee law when it granted the Roarks' joinder request. We disagree.

Liberty Mutual cites no case law supporting this argument, and we can locate none. In addition, the record shows that Liberty Mutual, for nearly two years while involved in the litigation, maintained that it had a claim for subrogation under the provisions of OCGA § 34-9-11.1 (b). Following its voluntary dismissal of the intervenor complaint, the Roarks moved to add Liberty Mutual as an indispensable party so that the trial court could determine whether

---

[6] (Citation omitted.) *Dowis v. Mud Slinger Concrete*, 269 Ga. App. 805, 806 (2) (605 SE2d 615) (2004).

[7] See *Tyson Foods, Inc. v. Craig*, 266 Ga. App. 443, 444 (597 SE2d 520) (2004).

[8] See *Tyson Foods*, supra; *Maryland Cas. Ins. Co.*, supra.

[9] *Johnson v. Comcar Indus.*, 252 Ga. App. 625, 626 (556 SE2d 148) (2001).

Tennessee or Georgia law applied. The Roarks did not consent to Tennessee law. And nothing in the record supports Liberty Mutual's assertion that the trial court consented to the applicability of Tennessee law when it granted the Roarks' motion to join Liberty Mutual as a party. This argument lacks merit.

The trial court properly granted the Roarks' motion for judgment on the pleadings and denied Liberty Mutual's motion for summary judgment. Given our conclusions, we need not address Liberty Mutual's enumeration of error asserting that it has a valid and enforceable subrogation lien under the Tennessee Workers' Compensation Act.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED APRIL 23, 2009.

*Leitner, Williams, Dooley & Napolitan, Sean W. Martin*, for appellant.

*Downey & Cleveland, Russell B. Davis*, for appellees.