A09A1719. PERFORMANCE FOOD GROUP, INC.
v. WILLIAMS et al.
(686 SE2d 437)

ANDREWS, Presiding Judge.

Performance Food Group, Inc. appeals from the trial court's order granting Charles G. Williams III's and Jonathan W. Mikula's motion for summary judgment on Performance Food's claim to recover benefits it paid to its employee, Jesse Gunn, under Tennessee's workers' compensation law. We affirm because Performance Food's action to enforce its subrogation rights under Tennessee law is precluded by controlling authority providing that Performance Food's subrogation rights are governed by the law of Georgia.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable

conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Footnote omitted.) *Morris v. Nexus Real Estate Mtg. &c. Co.*, 296 Ga. App. 477 (675 SE2d 511) (2009).

The evidence, which is not in dispute for purposes of the issue on appeal, shows that Gunn, a Tennessee resident, was injured when the tractor-trailer he was driving in the course of his employment with Performance Food collided with a vehicle owned by Mikula and driven by Williams in Gwinnett County, Georgia. Performance Food, through its program servicer, paid medical and indemnity benefits to Gunn under Tennessee's workers' compensation law, Tennessee Code Annotated Section 50-6-101 et seq.

Performance Food brought this action against Williams and Mikula under authority of Tennessee Code Annotated Section 50-6-112 to recover for the medical and indemnity benefits it paid to Gunn.[1] The trial court subsequently granted Williams's and Mikula's motion for summary judgment.

Performance Food contends that the trial court erred when it granted summary judgment to Williams and Mikula because its ruling denied Performance Food due process of law. We disagree.

As a rule,

> [w]here a nonresident employee, hired by a foreign corporation, is injured in Georgia, arising out of and in the scope of the employment, Georgia will apply its own substantive law, whether or not the Georgia Workers' Compensation law was invoked to pay, because the Georgia conflicts of law rules look to the state of the last act completing the tort to determine the applicable substantive law.

(Citation omitted.) *Liberty Mut. Ins. Co. v. Roark*, 297 Ga. App. 612, 614 (1) (677 SE2d 786) (2009). "[I]f the plaintiff is eligible for workers' compensation under the law of the state where the tort was committed, the law of that state is applicable even though the plaintiff may have received and accepted workers' compensation in another state." *Sargent Indus. v. Delta Air Lines*, 251 Ga. 91, 94 (303 SE2d 108) (1983). See *Dowis v. Mud Slinger Concrete*, 269 Ga. App. 805, 806 (2) (605 SE2d 615) (2004) (applying lex loci delicti). For this purpose, subrogation rights arising from the payment of workers'

---

[1] The action was filed in the State Court of Gwinnett County and subsequently transferred to the State Court of Hall County. Gunn and his wife also filed a separate lawsuit in the State Court of Hall County against Williams and Mikula for damages arising out of the collision, and, upon the trial court's grant of his motion, Gunn intervened in this action.

compensation benefits is a substantive law issue. See *Roark*, supra, 297 Ga. App. at 614 (1); *Maryland Cas. Ins. Co. v. Glomski*, 210 Ga. App. 759, 760 (437 SE2d 616) (1993) (whole court). Because Gunn was injured in Georgia and was eligible to receive workers' compensation benefits in Georgia,[2] Georgia law governs Performance Food's subrogation claim. See *Roark*, supra, 297 Ga. App. at 614 (1); *Tyson Foods v. Craig*, 266 Ga. App. 443, 444 (597 SE2d 520) (2004).

Since Georgia law applies, the subrogation rights of employers and insurers on account of their payment of workers' compensation benefits derives from OCGA § 34-9-11.1. "[A]ny subrogation claim which an insurer under the Georgia Workers' Compensation Act may have against a third-party tortfeasor who has caused the death or disability of an employee arises solely by operation of statute." (Citation omitted.) *K-Mart Apparel Corp. v. Temples*, 260 Ga. 871, 873 (1) (401 SE2d 5) (1991). However, "OCGA § 34-9-11.1 (b) plainly provides the employer or insurer a right of subrogation limited to benefits paid under the Georgia Workers' Compensation Act," and as a consequence Performance Food cannot pursue a subrogation claim for benefits paid under foreign law. *Johnson v. Comcar Indus.*, 252 Ga. App. 625, 626 (556 SE2d 148) (2001). Accord *Roark*, supra, 297 Ga. App. at 614 (1); *Tyson Foods*, supra, 266 Ga. App. at 445.

Performance Food argues that this result is unfair, contending that it had been required to pay benefits under Tennessee law and had no opportunity to contradict its employee's election and pay Gunn benefits in Georgia. As a result, Performance Food argues, "the Georgia courts should not effectively overrule the laws of the State of Tennessee and deny [Performance Food] its right of subrogation provided by Tennessee law." While the trial court's decision precludes Performance Food from asserting what might be a valid subrogation claim under Tennessee law, the trial court acted consistently with binding precedent. That the worker injured in Georgia sought and received benefits in Illinois rather than Georgia made no difference in the application of Georgia law, in light of the rule of lex loci delicti, in *Sargent Indus.*, supra, 251 Ga. at 93. Our Supreme Court has recently affirmed that the "application of lex loci delicti, even though sometimes leading to results which may appear harsh" remains the law in Georgia.[3] *Dowis v. Mud Slingers*, 279 Ga. 808, 816

---

[2] At the summary judgment hearing, Performance Food's counsel conceded that Gunn was qualified to receive benefits either in Georgia or Tennessee.

[3] As to the harshness of the result here, and although we do not base our ruling thereon, Williams makes a persuasive argument that Performance Food is not precluded from pursuing a subrogation lien in Tennessee against Gunn, a Tennessee resident, should he recover in his Georgia action. See Tennessee Code Annotated § 50-6-112 (c).

(621 SE2d 413) (2005). Further, there is no inherent right to subrogation in Georgia, and the legislature's failure to provide for subrogation does not deprive the employer or insurer of due process. See *K-Mart Apparel Corp.*, supra, 260 Ga. at 874 (2). "[T]he employer has no constitutionally protected interest in any sums the employee receives from the third-party tortfeasor." Id. at 872 (1). Accordingly, we affirm the trial court's judgment.

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED NOVEMBER 6, 2009.

*Drew, Eckl & Farnham, Douglas K. Burrell*, for appellant.
*Smith, Gilliam, Williams & Miles, Steven P. Gilliam, Harper, Waldon & Craig, Trevor G. Hiestand, Ashley Giblin*, for appellees.